[No. 7,332—Department Two.]

## S. C. BOOTH *v.* WILLIAM S. CHAPMAN.

VENDOR AND VENDEE—CONSTRUCTION OF CONTRACT TO SELL LAND.—The defendant agreed to sell to the plaintiff a lot of land (part of a larger tract) with the water right appurtenant to the lot—the said water right being the *pro rata* share belonging to said lot of the water right for the larger tract, etc.; and in an action for the breach of the contract by the vendee, the Court found that the defendant wholly failed to deliver to the plaintiff upon said lot the water appurtenant and belonging thereto, etc.:

*Held:* The contract did not require the defendant to deliver any water to the plaintiff, but simply to transfer the water right, and this was effected by the delivery of the contract and of the possession of the land to the plaintiff.

ID.—ID.—DAMAGES.—The defendant also agreed to fence the larger tract, and the Court found that he failed to do so, and that the plaintiff was thereby damaged in the sum of one hundred dollars:

*Held:* The evidence (which is stated in the opinion) was insufficient to show that the plaintiff was damaged.

ID.—ID.—WAIVER OF DEMURRER—CROSS-COMPLAINT.—The defendant filed a cross-complaint, praying for a rescission, which was demurred to by the plaintiff, and the demurrer sustained, but before the sustaining of the demurrer, the plaintiff filed an answer to the cross-complaint:

*Held:* The demurrer was waived.

ID.—ID.—ID.—ID.—RESCISSION — FORFEITURE.—It was stipulated in said agreement, that in case any installment of said purchase money, etc., should remain overdue and unpaid for the space of six months, then, at the option of the party of the first part, the agreement should become null and void, and all payments previously made thereupon should be deemed paid as compensation for the use and possession of said land up to the date of said forfeiture:

*Held:* Before the defendant could enforce this clause of the agreement, it would be necessary for him to prove that he himself had performed fully up to the time of the failure of the plaintiff to perform on his.

APPEAL from a judgment for the plaintiff in the Thirteenth District Court, County of Fresno, CAMPBELL, J.; and from an order denying a new. trial, in the Superior Court of the same county. HOLMES, J.

*Pillsbury & Titus* and *H. S. Dixon,* for Appellant.

*E. C. Winchell, W. H. L. Barnes,* and *W. D. Tupper,* for Respondent.

SHARPSTEIN, J.:

Conceding that the evidence is sufficient to support the finding of the Court "that the defendant wholly failed to deliver to the plaintiff, upon said lot, the water appurtenant and belonging to said lot 35, or any part thereof, until about the 20th day of March, 1877, by means of which the plaintiff was deprived of the use of said water, and was prevented from cultivating and producing a crop of any kind upon said lot during the year 1876, and thereby lost all the profits, gain, and income which he could have derived from said lot during that year if the defendant had delivered said water ac-

cording to said contract, and plaintiff was thereby damaged in the sum of five hundred dollars; that the defendant further failed, neglected, and refused to deliver water to plaintiff upon said lot at various and sundry times during the summer of 1877 up to the first day of August of that year, whereby the plaintiff was further damaged in the sum of one hundred dollars;" the right of the plaintiff to recover the damages specified from the defendant depends upon the question whether the defendant ever agreed to supply the plaintiff with water sufficient to irrigate said land.

The defendant agreed to sell to the plaintiff twenty acres of land "with the water right appurtenant to said land; said water right being the *pro rata* share belonging to said lot of the water right for said six sections of land purchased by said Chapman from the Fresno Canal and Irrigation Company (a corporation incorporated under the laws of the State of California), and entitling the owner of said twenty-acre lot to sufficient water from the canal of said corporation for its irrigation at all necessary times, and for the domestic uses of its occupants, and the watering of the cattle kept thereon, not exceeding at any time one eighth of one cubic foot of water per second."

The Court did not find that there was not such a water-right appurtenant to said land, or that the defendant did not transfer it to the plaintiff. But it did find that the defendant agreed to deliver the water-right appurtenant to said land, and failed to do so.

The contract was delievered to the plaintiff, and by virtue of it he took and still retains possession of the land, and as we construe the contract he became thereby invested with the water-right appurtenant to the land. If so, he must look to the corporation which controls the water for the *pro rata* share belonging to said lot. It does not anywhere appear in the record that the defendant ever agreed to deliver any water to the plaintiff; and the Court did not so find. If there is any evidence that the water-right appurtenant to the land was not delivered to the plaintiff, it has entirely escaped our observation. Therefore, the finding that it was not delivered is not supported by the evidence. Besides, it was stipulated in said agreement that the plaintiff should pay for

the delivery of said water upon said premises the sum of twelve dollars and fifty cents per annum, and there is no allegation or finding that he ever paid or offered to pay that or any other sum for the delivery of said water. He alleges that he is ready, able, and willing to do and perform any and all of his obligations under said contract. But the complaint is not verified, and the general denial of the defendant puts that allegation in issue, and the Court has not found upon it.

The lot which defendant agreed to sell to the plaintiff was included in and is a part of the tract known as the " Central California Colony Tract," consisting of eight sections of land, and the defendant, in his said agreement with the plaintiff, agreed to fence said " Central California Colony Tract" on or before the first day of March, A. D. 1877, and the Court finds that the defendant failed to do so, and that the plaintiff was thereby damaged in the sum of one hundred dollars. The evidence of the plaintiff as to the damage which he sustained by reason of the failure of the defendant to fence as he had agreed to is as follows: " If the Colony was fenced all around with a good substantial fence I would look upon my lot as being worth more, from the fact it keeps off stock, keeps intruders off, and it looks more like a piece of property designated from the plains. I would sooner have a lot there by a hundred dollars if the Colony was fenced. I think the Colony Tract would sell for nineteen thousand two hundred dollars more if fenced. But I was never damaged for want of a fence by stock to any great amount that I made any particular note of. My lot is surrounded by a fence on one side, and there is a ditch around the entire balance of it; there is water running all around it." We do not think the evidence sufficient to support a finding that the plaintiff was damaged in the sum of one hundred dollars, or in any other sum, by reason of the failure of the defendant to fence as he agreed to.

The record shows that on the 25th of March, 1879, the defendant filed a cross-complaint in the action, which was demurred to by the plaintiff, and the demurrer was sustained on the 17th of June, 1879. On the 16th of June, 1879, the plaintiff filed an answer to said cross-complaint and thereby waived the demurrer.

The relief prayed by the defendant in said cross-complaint is:

" 1. That said agreement between the defendant and plaintiff, by the said decree, be canceled, and made null and void, and rescinded.

" 2. That the defendant have judgment against the said plaintiff for the sum of twelve dollars and fifty cents for each and every month, and the sum of twelve dollars and fifty cents per annum for each and every year since the 1st day of November, 1877, and interest thereon at the rate of one per cent. per month, compounded monthly.

" 3. That defendant have the possession of the said lot of land, his costs herein, and such other and further relief as may be just and agreeable to equity."

It was stipulated in said agreement, that the payments for said land, after the first, should be made in monthly installments ; " and in case any installment of said purchase money, or any such taxes or assessments, shall remain overdue and unpaid for the space of six months, then, at the option of said party of the first part, this agreement shall become null and void, and all payments previously made thereupon shall be deemed paid as compensation for the use and possession of said land up to the date of said forfeiture.   And in any case of such failure of said party of the second part to pay any such taxes or assessments, said party of the first part may pay the same ; and for the repayment of all such sums so paid, with interest at one per cent. per month, compounded monthly, said party of the first part shall have a lien upon said land."

Before the defendant could enforce this clause of the agreement, it would be necessary for him to prove that he himself had performed fully on his part, up to the time of the failure of the plaintiff to perform on his.   The defendant in his cross-complaint avers that no payment was made by the plaintiff after the 17th of November, 1876.   If the defendant had fully performed on his part, up to that time, and until the plaintiff was in default, it was not incumbent on the defendant to continue to perform on his part until the plaintiff repaired his breach; and if the plaintiff did not, within six months after making default, repair it, the defendant was at liberty to ex-

act the forfeiture stipulated in the agreement. It is of the first importance to determine which, if either, of the parties was guilty of the first breach of the contract.

As the case stands at present, the evidence is insufficient to support the findings, and the findings are insufficient to support the judgment.

Judgment and order appealed from reversed, and cause remanded for a new trial.

THORNTON, J., and MYRICK, J., concurred.