ROBERTS v. HAWN.

STATUTE OF FRAUDS—CONDITIONAL SALE.
Where a bill of sale is made under an oral agreement that it shall be
delivered only upon the happening of a certain event, the sale, be-
ing conditional, is not avoided by the fact that the vendor contin-
ued in possession until performance of the condition.

*Appeal from the District Court of Eagle County.*

REPLEVIN for a portable sawmill, horses, harness, wagons,
lumber and other personal property seized by appellant Rob-
erts, as sheriff, under certain writs of attachment and execu-
tion issued in favor of one H. R. Kamm against George F.
Wright. After the levy of the writ of replevin Kamm se-
cured the release of the property by giving a forthcoming
bond. Kamm afterwards obtained judgment against Wright
and the property was sold to satisfy the same. In the re-
plevin suit judgment was entered in favor of appellee Hawn
for the value of the property and damages. From the latter
judgment this appeal was taken by Roberts.

Mr. M. J. BARTLEY, for appellant.

Messrs. MONTGOMERY & JACOWAY, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Although the evidence is not without conflict, we are re-
lieved by the verdict of the jury from considering the weight
to be attached thereto. There is, however, an important
question of law involved in the controversy, upon the de-
termination of which the judgment of the court below must
stand or fall. It arises in this way: On or prior to the 7th
day of November, 1889, George F. Wright was the owner
in possession of the sawmill and other property in dispute.

At this time he was indebted to laborers about the mill, and to Kamm and others for supplies furnished. Among the former creditors was appellee with a claim of between eight hundred and nine hundred dollars. On the date mentioned he drew up and signed a bill of sale to appellee for the property here in dispute, the consideration named therein being the sum of one thousand dollars. The instrument was in the usual form and without condition other than a proviso that one C. M. White, also a creditor, should have his claim, not exceeding fifty dollars, satisfied out of a part of the property.

This bill of sale was not delivered upon the date of its execution. No change of possession of the property was then made or attempted, but there was a verbal agreement made at the time to the effect that Hawn was to continue in the employ of the vendor Wright until the latter should become indebted to the former in the sum of one thousand dollars, upon the happening of which event the bill of sale was to be delivered to Hawn, who was then to become entitled to immediate possession. About six weeks after the date of the bill of sale, Hawn's claim in the meantime having reached an amount equal to the consideration named in the written instrument, the bill of sale was delivered in pursuance of the previous agreement and Hawn proceeded to take immediate possession of the property, and at once placed a plain sign or notice upon the sawmill. This notice reads as follows: "A. Hawn, Successor to George Wright."

Although it is claimed by appellant that Hawn's possession of the property does not sufficiently appear, this question having been resolved against appellant by the jury upon conflicting evidence, we must assume that the fact of possession is thereby established in favor of appellee. The question of law presented is therefore: Did Hawn, by taking possession at the time of the delivery of the bill of sale, six weeks after it was signed, but before the levy by the officers, constitute a compliance with the statute of frauds? The statute reads as follows:

" Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and this presumption shall be conclusive." Sec. 2027, Mills' An. Stats.

" The term ' creditors,' as used in the last section, shall be construed to include all persons who shall be creditors of the vendor or assignor, at any time whilst such goods and chattels shall remain in his possession or control." Sec. 2028, Mills' An. Stats.

In jurisdictions in which the common law prevails uninfluenced by statutory provisions, the question as to whether an absolute sale of personal property unaccompanied by an immediate and continued change of possession should be treated as a fraud in law and void, or only as evidence of fraud in fact, has given rise to heated controversies and conflicting decisions. The statute, however, puts the question at rest in this state. Under it such transactions are incapable of explanation. They are fraudulent *per se* and void. See *Finding v. Hartman*, 14 Colo. 596, and cases cited.

In this case the bill of sale was not delivered at the time it was signed. It was to be delivered only upon the happening of a condition. It was of no binding force or effect until delivered. It was in substance and effect a conditional bill of sale. The condition transpiring, the instrument was delivered in accordance with the original oral contract and the vendor immediately took possession of the property.

Under the acts of 13th and 27th Elizabeth, the English courts drew a distinction between absolute and conditional deeds or bills of sale of personal property, holding that the retention of possession by the vendor after the execution of an absolute bill of sale being inconsistent with the instrument, the sale must be treated as fraudulent and void and not sus-

ceptible of explanation. " But if the deed or conveyance. be *conditional*, there the vendor's continuing in possession does not avoid it, because by the terms of the conveyance the vendee is not to have the possession till he has performed the *condition.*" *Edwards v. Harben*, 2 Term. Rep. 587.

The reasoning of the case is quoted with approval in the case of *Hamilton v. Russel*, 1 Cranch (U. S. S. C.) 310. See also, *Finding v. Hartman, supra.* Neither the case of *Watson v. Rodgers*, 53 Cal. 401, nor that of *Booth v. Chapman*, 59 Cal. 149, are in conflict with the views expressed in *Edwards v. Harben, supra*, as the sale in those cases was unconditional.

Our conclusion is that the evidence shows a conditional agreement, executory in character, and that the evidence with reference to a change of possession at the time of the delivery of the bill of sale was sufficient to warrant the submission of the case to the jury. The charge as a whole, when considered in connection with the evidence, is free from substantial error, and the judgment will be affirmed.

*Affirmed.*