## KING v. HAMILTON.

No. 5449.    Opinion Filed November 9, 1915.

(152 Pac. 1072.)

**TRIAL—Credibility of Witnesses—Jury Question—Verdict.** The jury is not bound to believe all the testimony of any particular witness, but may accept such parts of such testimony as seem to them reasonable and true, and reject such parts as seem unreasonable and untrue. And where there is conflicting evidence as to the amount due plaintiff, the verdict will not be deemed a compromise verdict because the jury gave the plaintiff only a part of the amount he testified was due him.

(Syllabus by Brett, C.)

*Error from County Court, Ellis County;*
*A. L. Squire, Judge.*

Action by Harvey Hamilton, as guardian for Emory Hamilton, against Jerry King. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. B. Leedy,* for plaintiff in error.

*Perry J. Morris,* for defendant in error.

Opinion by BRETT, C. This action originated in the justice court, and is a suit for a balance claimed to be due Emory Hamilton, plaintiff below, by Jerry King, defendant below, for labor performed by Hamilton for King. The amount claimed is $18.53. In the county

court the jury found for Hamilton in the sum of $11.35, and defendant King appeals from this judgment.

The only issue raised and argued in this court is that the verdict was a compromise verdict, and should be set aside. It is insisted that there was no controversy as to the length of time Hamilton worked for King, or as to the amount King had paid him, but that the only controversy was as to the amount per month he was to receive, and that the jury should have believed either Hamilton or King on this question and returned a verdict for Hamilton for all he claimed or nothing; and that the verdict of $11.35 was necessarily a compromise verdict. But under the evidence in this case we cannot agree with this contention. There was evidence injected into the case by plaintiff in error of payments made by King to Hamilton at different times in different amounts ranging all the way from $2.50 to $20. If the only controversy was as to the amount per month, and not as to the amount paid by King to Hamilton, then this evidence could have only confused the jury, and should not have been injected. But this evidence was tendered by plaintiff in error for the consideration of the jury, and because in figuring the amount due they did not arrive at the result plaintiff in error thinks they should, if they believed Hamilton, it is not necessarily conclusive that the verdict was a compromise verdict. Besides, there were several witnesses introduced besides Hamilton and King, one of whom was examined by plaintiff in error as to an amount he had paid Hamilton. None of this evidence was taken from the jury, and they doubtless considered and decided the case on the theory that this evidence had something to do with the case.

Besides, the jury were not bound to believe all the testimony of any particular witness, but might accept those parts of such testimony as seemed to them reasonable and true, and reject any part that did not seem reasonable and true. And the presumption is in favor of the correctness of the verdict.

We find no prejudicial error, and recommend that the judgment be affirmed.

**By the Court:** It is so ordered.