WILLIAM PYERS, PLAINTIFF-RESPONDENT, v. FANNIE L. TIERS, DEFENDANT-APPELLANT.

Submitted June 6, 1916—Decided November 8, 1916.

Backing an automobile out into a street, without warning to other users of the street, including the plaintiff, who was injured while riding a motorcycle by coming into collision with another automobile in an attempt to avoid the automobile backing. The defendant's negligence and the plaintiff's contributory negligence are questions of fact to be decided by a jury. It was not error for the trial court to refuse a motion to nonsuit the plaintiff or direct a verdict for the defendant.

On appeal from the Morris County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the plaintiff-respondent, *Elmer W. Romine.*

For the defendant-appellant, *Kalisch & Kalisch.*

The opinion of the court was delivered by

BLACK, J. The plaintiff, William Pyers, sued the defendant, Fannie L. Tiers, for injuries received under the following circumstances: The plaintiff was riding a motorcycle along South street, in the city of Morristown, going toward Madison, on June 25th, 1915. In front of him, traveling in the same direction, was an automobile driven by Frederick B. Richardson. The plaintiff passed this automobile, going to

the left, as the law required. Just as he was passing it, or just after he had passed it, the defendant's car, which was standing alongside the right-hand curb, backed out into the middle of the street. It was about ten or twelve feet away when he first saw it. The plaintiff attempted to go around behind it, which brought him within three or four feet of his left curb line. As he was doing this, the way was obstructed by a wagon on his left hand, coming toward him, and also by another automobile on his right, operated by Dr. Glazebrook. The plaintiff undertook to pass between these two vehicles, which were parallel with one another, but was unsuccessful and collided with the Glazebrook machine. He was thrown from his motorcycle, receiving the injuries for which he sues. The question was whether the defendant, Mrs. Tiers, was responsible, and is raised by the refusal of a motion to non-suit and to direct a verdict, the jury having found a verdict in favor of the plaintiff.

There was proof that the defendant's automobile was backed out into the street, without warning to other users of the street, the plaintiff included. The Motor Vehicles act —*Pamph. L.* 1915, *pp.* 285, 294, § 11 (4)—provides: "No vehicle shall back or make a turn in any street if by so doing it interferes with other vehicles, but shall go around a block or to a street sufficiently wide to turn in without backing." See, in this connection, *Evers* v. *Davis,* 86 *N. J. L.* 196. It was therefore a question for the jury to say whether this act was not negligent, jeopardizing, as it did, other users of the highway, who happened to be in close proximity. It is suggested, but not argued, that even if the defendant's action was a contributing cause, originally, it was not the proximate cause; that the presence of the Glazebrook car was an intervening cause, which relieved the defendant from responsibility. But an intervening cause, in order to relieve from liability, must itself be a wrongful cause—that is, a cause for which the producer thereof would himself be liable to the plaintiff. Mr. Justice Depue, speaking for the Court of Errors and Appeals, in the case of *Delaware, &c., Railroad Co.* v. *Salmon,* 39 *Id.*

299, 309, cites with approval the rule in these words: "That a person whose negligence may have been one of the antecedents or conditions of an event is relieved juridically from liability if such negligence is applied to the particular event by the intervening negligence or malice of a third party." *Kuhn* v. *Jewett,* 32 *N. J. Eq.* 647; *Cuff* v. *Newark, &c., Railroad Co.,* 35 *N. J. L.* 17; 1 *Thomp. Negl.* (*2d ed.*), § 49. In the present case, it was not suggested that Dr. Glazebrook was at all in fault.

As to the question of the contributory negligence of the plaintiff, that was also for the jury to determine. He was put in a position of danger without any carelessness on his own part. He might perhaps have avoided the accident by stopping his machine, and perhaps would have done so had he observed the situation in time to safely come to a stop. But, as was said by the Court of Errors and Appeals in *Connelly* v. *Trenton Passenger Railway Co.,* 56 *N. J. L.* 700, 704: "How a prudent man would act in the face of concurrent and distracting dangers must, in the nature of things, be a question of fact to be passed upon by the jury, and not a question of law upon which a court may order a nonsuit or direct a verdict."

The judgment under review is affirmed.