STRATTON et al. v. BULLER et al.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1920.)

No. 5506.

1. Waters and water courses ⬅️156(3)—Contract to convey "water rights" not breached; "right."

A contract to convey certain lands, together with all water rights used and enjoyed therewith, was satisfied by an instrument conveying the land, together with all water rights and appurtenances thereunto belonging, although the vendor had sometimes used more water than he was entitled to, since the term "water right" means legal right to use water from irrigation stream, and a "right" is an interest that a person actually has in property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Right; Water Right.]

2. Appeal and error ⬅️1011(1)—Conflicting evidence sustains trial court's finding.

Where the evidence conflicted as to whether the vendor made false representations regarding the water rights appurtenant to the land involved, the trial court's finding will prevail.

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action by Thomas L. Stratton and others against Joseph Buller and others. Decree for defendants, and plaintiffs appeal. Affirmed.

J. D. Skeen, of Salt Lake City, Utah, for appellants.

Barnard J. Stewart, of Salt Lake City, Utah (Daniel Alexander and James L. White, both of Salt Lake City, Utah, on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. An appeal by the plaintiff below presents the question whether the decree of the court in favor of the de-

fendant is supported by the pleadings and the evidence. The plaintiff contracted in writing to purchase from Joseph Buller 40 acres of irrigated land in Utah, and the "water rights used and enjoyed therewith and all easements, waterways, and other appurtenances and privileges pertaining thereto, including shares of stock in the Utah Lake Land & Water Power Company." Soon afterwards Buller executed a deed to the plaintiff, which conveyed the land, "together with all water rights and appurtenances thereunto belonging." A portion of the purchase price was paid in money, and a mortgage on the property conveyed was given by the vendee to secure notes for the remainder of the price agreed to be paid for the land. One of these notes was transferred after its maturity. This suit was brought to rescind the contract of purchase, to cancel the note and mortgage, and to recover the money paid towards the purchase, because of alleged breach of the contract, and because of alleged misrepresentations made by the vendor. The mortgagee denied the allegations of fraudulent representations and of the breach of contract. The defendant Buller filed an answer, but it is not preserved in the record on appeal. After hearing the testimony a decree was rendered in favor of the defendants and dismissing the plaintiffs' bill.

The only contention made by appellant is that Buller's deed to him did not comply with his contract to convey the water right, and that this breach of the contract entitles appellant to rescind the contract, tender a reconveyance of the land, and recover the amount paid on the purchase price.

[1, 2] Was there a breach of contract? The bill alleges a contract in writing and sets forth a copy of it, whereby the vendor agreed to convey the lands "together with all water rights used and enjoyed therewith." The bill assumes this to be a contract for the conveyance of a right to the same quantity of water that the vendor had theretofore actually used, and which is alleged to have been a stream of water measuring 100 miner's inches for 3 hours for each acre of land, at intervals of not over 15 days, and charges that the vendor did not have the right to use that amount of water. The term "water right," as used in the contract, has a well-defined meaning. It is the legal right of the riparian owner to use water from the irrigation stream (Smith v. Denniff, 24 Mont. 20, 60 Pac. 398, 81 Am. St. Rep. 408; Booth v. Chapman, 59 Cal. 149; Kinney on Irrigation [2d Ed.] §§ 759, 761; Long on Irrigation, § 2), and, in general, "a right" in any subject of property is the interest that a person actually has in that property (Haskins v. Ryan, 71 N. J. Eq. 575, 64 Atl. 436; 34 Cyc. 1763, 1764).

A water right is usually founded upon a grant, express or implied, by which the vendee acquires the privilege of using a certain amount of water. In some seasons an owner of irrigated land may have the use of much more water than that to which he is entitled, when the supply is ample and the company furnishing the water does not choose to enforce careful measurement; but such tolerance does not measure the legal rights of the owner under his grant. When Buller contracted to convey the water right used with this land, he did not covenant a supply of any specific quantity of water, but only contracted to convey

whatever interest he possessed in the water right that he had used. The deed conveyed the land and all water rights that pertained to the land, and was a compliance with, and not a breach of, the contract. While this disposes of the only question urged by appellant, it is proper to notice the fact that the bill also alleges that the vendee was induced to make this contract because the vendor falsely represented that the water right appurtenant to the land included all water which had theretofore been used for the irrigation of the land. The evidence was directly in conflict between Stratton and Buller as to whether this representation was made, and the finding and decree of the District Court against the plaintiff must prevail, as it is not clearly shown to have been an erroneous consideration of the evidence. Adamson v. Gilliland, 242 U. S. 350, 37 Sup. Ct. 169, 61 L. Ed. 356; North American Exploration Co. v. Adams, 104 Fed. 404, 45 C. C. A. 185; Nichols v. Elken, 225 Fed. 689, 140 C. C. A. 563; Conkling Mining Co. v. Silver King Coalition Mines Co., 230 Fed. 553, 144 C. C. A. 607; United States v. Grass Creek Oil & Gas Co., 236 Fed. 481, 149 C. C. A. 533.

The conclusions which have been stated make it unnecessary to consider the legal effect of the representation, if it had been made as claimed.

The decree will be affirmed.