EMMA D. COOK, Plaintiff in Error,

v.

D. L. McDONALD, TORCHLIGHT DEVELOPMENT COMPANY, D. L. McDONALD doing business under the name and style of Torchlight Development Company, and Wyoming Oil and Refining Company, a Corporation, Defendants in Error.

(No. 2279; May 9, 1944; 148 P. 2d 594)

216

For the plaintiff in error there was a brief by S. S. C. Chilcote, of Basin, Wyo., and oral argument by D. W. Ogilbee, of Casper, Wyo.

For the defendants in error there was a brief by Donald J. Harkins, and oral argument by C. H. Harkins, of Harkins, Harkins & Harkins of Worland, Wyo.

## OPINION

RINER, Justice.

This is a proceeding in error to review a judgment of the District Court of Big Horn County. The plaintiff in error here, brought suit in the Court aforesaid against D. L. McDonald et al. alleging in substance that she was engaged in operating the Markham Hotel in the town of Basin, Wyoming, thereby furnishing meals and lodging to transients and other guests;

that between the 27th of April, 1940, and the 13th of August, of that year, both dates inclusive, she supplied board and lodging to L. N. Strasburg, V. C. Nuttal and Ray Lee, at the rate of $1.50 per day, the sum total of the bill therefor being $490.50; that this board and lodging was furnished at the special instance and request of each of the defendants, and upon their oral promise to pay same to plaintiff; that, excepting the sum of $50.00 no part of this amount has been paid and there is due plaintiff the sum of $440.50 with interest, for which she prays judgment. The answer of the defendants was a general denial.

The case was tried to the Court without a jury and a general finding was made against the plaintiff upon the issues joined, and it was accordingly adjudged that she take nothing by her action and that the costs should be paid by her.

The following extracts from the evidence presented by the record in this case establish that its disposition should be governed by one of the well-known rules of appellate procedure and which has been applied so many times here that it is hardly necessary to cite authorities relative to it.

The plaintiff in substance testified in part as follows: that she had a conversation with defendant D. L. McDonald, at her hotel in Basin, on April 26, 1940; that this conversation related to boarding certain men who were going to work for him out at the Torchlight oil field, he giving the names of these men as Lawrence Strasburg, Verl Nuttal and Ray Lee; that McDonald wanted to know what she would charge to board and room these three men; that she told him she would charge $1.50 a day if they would room in the same room with two beds; that McDonald said he did not know whether these men would come there

to room or not but he would tell them to; that McDon-
ald said this arrangement would be satisfactory; that
Strasburg and Nuttal came together to her hotel on
the 27th of April, 1940, they registered and she as-
signed them their room; that this occurred sometime
towards evening but that they were there for dinner;
that these men said McDonald had sent them there and
there was no conversation between her and them about
the rate; that Lee came later in the evening that
same day; that he said McDonald had sent him there;
he registered and said he didn't want a room with
the other men but wanted a room of his own; that
she gave him a single room at the same price she
agreed on with McDonald; that about August 13, 1940,
McDonald told plaintiff he knew he owed the amount
due for these men up to the date last mentioned and
that it would be paid before they started to operate
again; that McDonald said he was manager for the
Wyoming Oil & Refining Co.; that on the 25th day
of May, 1940, she received the sum of $50.00; that
Strasburg gave it to her and said McDonald sent
that in to apply on the board and she applied it by
crediting it, $25.00 to each of the men, Strasburg and
Nuttal; that the $50.00 payment was made to her in
the form of a check signed "Wyoming Oil & Refining
C., by D. L. McDonald"; that this check was made
payable to Strasburg and he endorsed it to her; that
when Strasburg handed her the check he said, "give
each of us $25.00 credit on our bill"; that on August
14, 1940, McDonald told her that he would see that
she got her pay before he paid the men.

The defendant, McDonald, testified substantially
in part: that he employed the men, Strasburg and
Nuttal about April 17, 1940, and Lee on April 27,
1940; that Strasburg and Nuttal finished working for
him the 16th of June, 1940, and did not work for him

or the Wyoming Oil & Refining Co. after that date; that Lee worked for him until the 16th of June, then left and came back to work on the 14th of October, and again left on November 2nd, 1940; that on May 24, 1940, he gave a check to Strasburg for $50.00 and one to Nuttal for the same amount in payment for their labor; that when they quit in June he paid them in full; that when Lee left he was paid a small amount in October and most of what was due him was paid in November—Two Hundred Thirty-One Dollars and some odd cents; that he told the plaintiff that he would pay her before he paid the men if she would get an order from them; that he had a conversation with the plaintiff April 26, 1940, relative to boarding these men; that he did not, in that conversation, promise to pay their bill; that one Shindel introduced him to plaintiff on April 26, 1940; that Nuttal and Strasburg inquired of McDonald and Shindel, while these men were sitting in an automobile on one of the streets of Basin, where they could get board and room; that Nuttal and Strasburg went with Shindel and McDonald to the hotel and McDonald, introducing the two men, told plaintiff that they were looking for a place to board and room; that that was all that was said, and Shindel and McDonald then left; that these men and plaintiff made their own arrangements; that plaintiff's statement that McDonald came to the hotel on April 26, and the men did not come until the 27th, is not true; that neither McDonald nor his company, the Wyoming Oil & Refining Co., at any time, entered into an agreement with plaintiff to pay for board and room of the three men, Nuttal, Strasburg and Lee, during the period April 27th, 1940, to August 13th, 1940.

Enough of the evidence in the record has been above set forth to indicate that it was sharply conflicting.

Defendants accordingly invoke the rule referred to above that where there is substantial evidence to support a judgment, as there is in this case, this Court will not interfere when the evidence is conflicting. They direct our attention to certain cases appearing in but one volume of the Wyoming State Reports; McMahon v. Midwest Refining Company, 36 Wyo. 90, 252 Pac. 1027; Kamp v. Kamp, 36 Wyo. 310, 254 Pac. 689; Farmers' Lumber Company v. Luikart, 36 Wyo. 413, 256 Pac. 84. Many other cases decided in this Court to the same effect could be added from other volumes of the same series.

Somewhat is said by the plaintiff in error regarding the Statute of Frauds and the finding in the judgment that "plaintiff's alleged claim herein is barred" by that statute. As above indicated there was a general finding against the plaintiff and a judgment in accord therewith. In 4 C. J. 1057, 8, upon the authority of numerous cases it is stated that:

"Where the judgment is supported by proper findings, it is not vitiated by findings on immaterial points or issues, or on issues outside the pleadings or unsupported by evidence, as such findings may be treated as surplusage and disregarded, not only in that action but also in subsequent litigation."

See also 2 C.J.S. 1192, 3, and cases cited. We deem it unnecessary to discuss the matter further.

We think that under such circumstances we cannot do otherwise than affirm the judgment of the District Court. Defendants in error have presented a motion to dismiss the case but we prefer to dispose of the matter as stated above. So far as the defendants in error are concerned, the result thus announced would be the same as if we had determined the motion in their favor and upon a technical point only.

*Affirmed.*

KIMBALL, C. J., AND BLUME, J., Concur.