EDWARD V. DESMOND,

*Plaintiff and Appellant,*

vs.

MARY SNYDER,

*Defendant and Respondent.*

(No. 2345; November 19th, 1946; 174 Pac. 2d 139)

For the plaintiff and appellant there was a brief and oral argument by A. Joseph Williams of Cheyenne, Wyoming.

For the defendant and respondent there was a brief by James A. Greenwood and Milton D. Nelson of Cheyenne, Wyoming and oral argument by Mr. Nelson.

480

## OPINION

Tidball, District Judge.

The disposition of this case will not require a lengthy opinion as it involves only the question whether the evidence is sufficient to sustain the findings of the trial court, and will probably establish no important precedent, since the same facts would not occur again, and since the law governing such matters is not in dispute.

The plaintiff below, a licensed real estate broker, brought the action to recover for a commission alleged to be due him for finding a buyer for defendant's real property, which was orally listed with him for sale at a price of $20,000 according to plaintiff's testimony, and $17,000 according to defendant's testimony. There is also a conflict between plaintiff's and defendant's testimony as to when the property was listed. Defendant sold the property for $16,000, to a buyer not furnished by plaintiff.

While the property was being handled by plaintiff, a Mrs. Manno offered $15,000 for it, and gave plaintiff a check for $500, as part payment, but this offer was refused by defendant. It appears that sometime later, Mrs. Manno offered $15,200 for the property, and the dispute in the case arises on the question whether the defendant accepted this offer, plaintiff testifying she did, and defendant testifying she did not. The trial court believed the defendant's testimony on this point, and found for her. The plaintiff contends that that finding of the trial court is not sustained by the evidence; and that is the sole question in the case. After

the offer of $15,200 was made by Mrs. Manno to the plaintiff, he telephoned to the defendant, and told her that Mrs. Manno had made the offer, and contends that defendant accepted the offer over the telephone, whereas defendant contends she refused the offer.

The law is well settled, and appellant concedes that this court will not disturb the finding of a trial court, or a jury, on a question of fact where there is a substantial conflict in the evidence: Peterson vs. Johnson, 46 Wyo. 473, 28 Pac. (2d) 487; Long vs. Forbes, 58 Wyo. 533, 136 Pac. (2d) 242.

But, where there is no substantial conflict in the evidence or, in a case of conflict between the plaintiff's and defendant's testimony, where the testimony of one of the parties is so improbable, or so in conflict with the established facts in the case that it should carry no weight, the trial court has no legal right to believe such testimony and base a finding on it. Such a case was: Wilde vs. Amoretti Lodge Co., 47 Wyo. 505, 41 Pac. (2d) 508; on which case appellant leans heavily in the case at bar.

To summarize the testimony and make the point clear, plaintiff testified that he took Mrs. Manno to see the house in January, 1945, and following this she offered $15,000 for the property, and delivered to plaintiff a check for $500 in part payment. Defendant refused this offer, and according to plaintiff's testimony, said: "Ed, (meaning plaintiff) if you can get me $15,-200, it will help pay the commission, and I will accept $15,200.00". Plaintiff then called Mrs. Manno, according to his testimony, and told her the defendant would take $15,200 for the property, and Mrs. Manno agreed to this offer; whereupon plaintiff called defendant at ten o'clock at night, and told her that Mrs. Manno accepted the $15,200 offer, and defendant replied, "That's fine." At the trial, Mrs. Manno corroborated plaintiff's

testimony, except as to the acceptance of her offer by the defendant, concerning which she had no knowledge. A Mrs. Clarke also gave testimony to the effect that she called the defendant about an apartment in the defendant's property, on which she had deposited $10 rental, to see when she could get possession; and defendant told her she had sold the house, and that Mrs. Clarke would have to see the plaintiff. Also plaintiff testified he asked defendant where the abstracts were, and she told him, and he got them and had them brought down to date; appellant arguing he would not have done this if a sale had not been made. Plaintiff also testified that on February 20, defendant called him from Attorney Greenwood's office, and told him she had sold the property.

The defendant denied she ever told plaintiff she would take $15,200 for the place. She testified she listed the property with plaintiff for $17,000, and never offered to take less than that; that plaintiff called her on a Sunday morning between ten and eleven o'clock, and told her Mrs. Manno would pay $15,200 for the property, and she told him she wouldn't take that, just to forget about the deal, and if that was all he could get for it, she would keep it, that she would give it to someone else, which she did; and that she and plaintiff had never discussed $15,200 before that morning. About February 20, she sold the property through another dealer for $16,000. Defendant denied that she told Mrs. Clarke she would have to see plaintiff about her apartment, as Mrs. Clarke testified, but testified that Mrs. Clarke phoned after she made the $10 deposit, and said the apartment was too small, at which defendant told Mrs. Clarke she had sold the house to Mr. Greenwood, and she could see him about getting her money back. Defendant also testified about calling the plaintiff from Mr. Greenwood's office on February 20, telling him she had sold the property. A Mr. Brown

testified he heard a conversation between plaintiff and defendant on a Sunday morning in which an offer of $15,200 was made, and defendant turned it down; although the witness fixed the time as of February 11, when he was paying his rent. The $15,200 offer was not made until after that date. The trial court may have believed that Mr. Brown was mixed on his date, because he was positive they were talking of a $15,200 offer, not a $15,200 offer. Mr. Brown also testified that on the day defendant sold the property, plaintiff came to see her, and remarked, "I have been waving this check in front of you for two or three weeks, and you wouldn't take it." It is argued by respondent that if she had agreed to sell for $15,200, she would have taken the check if tendered to her; although she testified it had not been tendered to her after the $15,200 was offered by plaintiff.

Appellant's case is based on the proposition that defendant's testimony that she refused the $15,200 offer and terminated relations with plaintiff several days before February 20, is not to be believed in view of the fact, admitted on both sides, that defendant called the plaintiff from Greenwood's office on February 20, and told him she had sold the property; the appellant in his brief saying: "In short, the mere fact that the defendant called the plaintiff and advised him that she was selling the property was tacit recognition of the fact that she had agreed to sell the property to Mrs. Manno." Therefore, appellant argues the testimony of plaintiff that she refused the $15,200 offer is not to be believed; and that was the attorney's oral argument in this case. In other words, as we understand it, appellant admits the conflict in the testimony, but maintains, as was decided in the Amoretti case, supra, that the conflicting testimony of the defendant is not to be believed, because of the telephone call of defendant on February 20.

In the first place, we do not think it extremely strange that defendant would do this. While, according to her testimony, she had told plaintiff a few days before that he should forget about the sale of the property, and that she would list it with someone else if he couldn't do any better, nevertheless, knowing the persistent and persevering efforts of real estate agents to hang on to a deal until consummation is accomplished, she may have felt that her first effort to end the relationship between her and plaintiff may have misfired, and to be doubly sure that all was at an end, she took this means of resolving any question that might still exist in plaintiff's mind. It should be remembered that the first transaction took place over the telephone, that at that time, according to her testimony, she did not definitely say the contract with the plaintiff was at an end, but said, "Just forget about the deal; if that is all you can get for it, I will keep it." She may very well have thought that wasn't a clear break with plaintiff, and decided to tell him the property had been sold so he wouldn't waste any more time in an effort to sell it.

We think, too, there is some corroboration of defendant's testimony. In the first place she had never listed the property for sale for less than $17,000. It was evidently salable at $16,000, the price she got for it. Brown testified he heard her refuse $15,200 at some time, and the trial court could believe that he was mistaken as to the date, but was not mistaken as to its being a refusal to sell for $15,200. Then there is the question as to the $500 check, which plaintiff said, according to testimony of Brown, he had been waving at defendant for three weeks, and she had refused to accept it.

So, we think the case is quite different from the Amoretti case where the mere statement of Amoretti that the note in question was paid, without any explanation

as to how it had been paid, and without any denial of statements to the contrary attributed to him on several occasions, and where the undisputed facts showed it had not been paid, was held not to justify a finding for the defendant.

Among many cases holding that a conflict in the testimony of the parties raises an issue, the resolution of which, by the trier of facts, will not be disturbed on appeal, are the following: Stratton vs. Buller, 268 Fed. 823; Babington vs. Gray, 71 S. W. (2d) 293, (Tex. Civ. App.) ; Aetna Ins. Co. vs. Kacharos, 226 Ala. 504, 147 So. 438; Berry vs. Bank of Bakersfield, 177 Calif. 206, 170 Pac. 415; Cook vs. McDonald, 60 Wyo. 215, 148 Pac. (2d) 594.

Affirmed.

RINER and KIMBALL, J. J., concur.