J. E. SCOTT,

*Plaintiff and Appellant*

**vs.**

BYRD E. ELWOOD,

*Defendant and Respondent.*

(No. 2787; November 7th, 1957; 317 Pac. (2d) 513.)

For the plaintiff and appellant, the cause was submitted upon the brief and also oral argument of Allen H. Stewart of Casper, Wyoming.

For the defendant and respondent, the cause was submitted upon the brief and also oral argument of Houston G. Williams of Casper, Wyoming.

Heard before Blume, C. J., and Harnsberger and Parker, JJ.

## OPINION

Mr. Justice Parker delivered the opinion of the court.

This action arose from an automobile accident occurring on East Twelfth Street in Casper, Wyoming, February 19, 1955, between the cars driven by plaintiff, J. E. Scott, and defendant, Byrd E. Elwood. Both cars were damaged; and plaintiff, claiming defendant's negligence, brought suit for $651. Defendant filed a cross-petition for $199. The case was tried to the court without a jury, and in the resulting judgment there was a finding that the defendant Elwood was negligent in causing the accident and that the negligence of plaintiff Scott contributed to the accident. It was accordingly decreed that both the petition and the cross-examination be dismissed, with each party to bear his own costs.

From this judgment plaintiff has appealed, asserting as error that the "judgment is not sustained by sufficient evidence * * * is contrary to the evidence * * * and * * * contrary to law."

The burden of plaintiff's appeal is that there was no real conflict in the evidence. He recognizes the rule that an appellate court will not reverse a judgment of a trial court if the only alleged error relates to a finding based upon evidence in which there is a substantial conflict. However, he cites Wilde v. Amoretti Lodge Co.,

47 Wyo. 505, 41 P.2d 508; Desmond v. Snyder, 62 Wyo. 478, 174 P.2d 139; Montgomery Ward & Co. v. Arbogast, 53 Wyo. 275, 81 P.2d 885; Goldberg v. Miller, 54 Wyo. 485, 93 P.2d 947, 96 P.2d 570, all of which cases, in enunciating a version of the rule, emphasize the exception that such conflict must be substantial, must present more than a mere conflict of words, and must be a fair and reasonable ground for a difference in opinion. This view of the law is not controverted by defendant who in response merely calls attention to the holding of Hawkey v. Williams, 73 Wyo. 463, 281 P.2d 447, that where facts are established by a general finding of court it must always be presumed that all controverted facts are established in favor of the party for whom the court finds. Accordingly, whether or not there was a substantial and real conflict in the evidence in the present case can be determined only by an analysis of the evidence in the light of the applicable law.

A review of the record shows the following testimony of various witnesses:

SCOTT said he left his office in his automobile February 19 about 11 a.m., emerged from an alley onto Twelfth Sereet, traveling in a westerly direction, and at that time saw defendant's automobile headed westerly on the same street; defendant's car had started to back and he thought it had stopped but when he got a little closer the defendant backed up again; plaintiff pulled over to the side of the road as far as he could, approximately with his left wheel in the borrow pit, and honked but defendant ran right back into him; the cars after the accident were "pretty much together"; the point of impact was 50 or 60 feet from the intersection of Wisconsin and Twelfth Streets; the defendant thereafter admitted that it was his fault, said that he

couldn't see plaintiff until after plaintiff had honked, said he was sorry and apologized in the presence of another witness, Blanche Sawdy; there had been a light skiff of snow but plaintiff did not notice the streets being icy or slick.

YOUNG (witness called by plaintiff) said he was an officer of the Casper Police Department; he made an investigation of the accident; there was "hard, packed snow" and the streets were "snowy and icy"; defendant told him he was backing and didn't see plaintiff as plaintiff went to go around him (later he said he didn't remember whether the defendant said he had been backing or was backing at the time of the collision) ; there was an incline of the street at the point of impact, the street sloping to the west.

ELWOOD said he had been going west on Twelfth Street between Beverly and Wisconsin; he stopped and looked around through the back window and saw nobody coming and began to back east; after he had backed approximately a car's length, he looked back through the rear window and saw the plaintiff coming about a half a block away on defendant's side, the right-hand lane; he stepped on the brake but his vehicle did not come to a complete stop; he then glanced back for the third time through the rear window and saw plaintiff close to him on his side of the street; he hollered at his wife and the cars crashed; he was backing up "pretty much of a grade"; his car was moved ahead about thirty feet by the impact, leaving plaintiff's car on the extreme left of the street and defendant's car on the extreme right; he made no statement to plaintiff that he had not seen him.

MRS. ELWOOD (defendant's wife) said she was in the car at the time of the accident; defendant had

looked back, then backed up, put on his brake and looked again, put on his brake and then exclaimed immediately prior to the impact; defendant's car at the time "could have been going a little bit, but it couldn't have been very much"; after the impact, the cars were so far apart that traffic going along the street passed between them.

GILPIN (defendant's brother-in-law) said he had gone to the scene of the accident shortly after the collision and had observed that one of the cars was on the north side and one on the south side of the street.

BLANCHE SAWDY (called in rebuttal) said she had been employed at the Veterans' Housing February 19 and remembered plaintiff and defendant coming to the house after the accident; she had heard a conversation between plaintiff and defendant; "Mr. Elwood said that it was his fault, and he seemed sorry about it all."

The only rule of motor vehicle law presented by plaintiff is a quotation in Chapman v. Ewing, 46 Wyo. 130, 24 P.2d 687, 688, 25 P.2d 1019, from 3-4 Huddy's Cyclopedia of Automobile Law, 9th ed., p. 219:

"* * * 'The driver of an automobile must exercise ordinary care in backing his machine, so as not to injure others by the operation, and this duty requires that he adopt sufficient means to ascertain whether others are in the vicinity who may be injured.' "

This quotation from Huddy is part of a general discussion of "Lookout and Warning" in which the author in note 89 discusses Pyers v. Tiers, 89 N.J.Law 520, 99 A. 130, a case dealing with the relative rights of a motorcyclist who was going forward and an autoist who was going backward at the time of collision. Regarding the case, the author says, "The defendant's negli-

gence and the plaintiff's contributory negligence are questions of fact to be decided by a jury." This and other discussion on the subject make it clear that the questions of negligence and contributory negligence of both the backing driver and the forward-moving driver in an accident of this nature are questions of fact for the jury (or for the court in the case at bar where there is no jury). See 5 Am.Jur., Automobiles § 434; Annotation, 67 A.L.R. 647, 662; and Annotation, 118 A.L.R. 242, 258.[1]

Plaintiff says the trial court in order to arrive at a finding that plaintiff contributed to the accident:

"* * * had to believe the testimony of the Defendant that prior to the accident he was backing straight back on 12th Street, keeping always on the north side of said street prior to the accident, and disbelieve the testimony of the Plaintiff wherein he testified that at the time of the accident Plaintiff's automobile was as far south on the opposite of the street that it could be driven, with the left wheels off the oil that surfaced said street * * *."

We think that such a view is an oversimplification of the problem. To say that anyone "had to believe" a certain thing in order to arrive at a conclusion is, to say the least, suppositional; and to permit canalization of a jury's[2] thinking processes would tend to control and direct their findings and would in effect be violative of a constitutionally enunciated principle of American jurisprudence. See 31 Am.Jur. Jury § 3; 50 C.J.S., Juries § 9; U.S. Const., Amend. VII; and Constitution of Wyoming, Art. I, § 9. The finder of fact is not re-

---

[1] It is interesting although not controlling that a similar rule applies to pedestrians. See 61 C.J.S., Motor Vehicles § 527i, p. 572.

[2] A court acting as a finder of fact occupies the same position as a jury in the present case. See 89 C.J.S., Trial § 593, p. 385; and 53 Am.Jur., Trial § 1123.

quired to believe any part of the evidence. Wigmore in discussing the contradiction of testimony, false statements, and credibility of witnesses under the subject of "Testimonial Impeachment" says that the correct rule in the great majority of jurisdictions is that the jury *may* disregard the testimony of the witness if the credibility of his statements is in issue—not that they *must* disregard it. (3 Wigmore on Evidence, 3d ed., § 1010.) This view is in harmony with the statement of many authors. See 58 Am.Jur., Witnesses § 872; and Annotation, 90 A.L.R. 74. 2 Bancroft's Code Practice and Remedies, 1927, § 1419, puts it this way:

"Determination of controverted questions of fact involving the credibility of witnesses and the truth of their testimony is ordinarily for the jury alone. In passing on credibility it is within the jury's province to credit the whole of the testimony of a witness, or any part of it which appears to them to be convincing, and to reject so much of it as in their judgment is unworthy of credit. * * *"

Cases cited thereunder include Baker v. Racine-Sattley Co., 86 Neb. 227, 125 N.W. 587; King v. Hamilton, 52 Okl. 326, 152 P. 1072; Wilson v. Kestenholz, 113 Cal.App. 13, 297 P. 954; and Crawford v. Cobbs & Mitchell Co., 121 Or. 628, 253 P. 3, 257 P. 16.

It is ordinarily unnecessary that an appellate court point out which portions of the testimony could have impressed the trier of fact; and a judgment founded upon substantial evidence will stand unless it is nullified by procedural errors. Since here no complaint is registered against procedures, we advert to our review of the evidence and in so doing are aware of the privilege which the trial court had of choosing any part of it as a foundation for the holding. It is clear to us that the trial court might, depending upon which wit-

nesses were believed, have arrived at either of the following conclusions, both of which would have been based upon substantial evidence:[3]

(a) The defendant without looking backed on the wrong side of the street at a high rate of speed, crowded plaintiff off the road, struck his automobile, and caused the damage at a time when plaintiff's car was stopped.

(b) Defendant was backing in a careful manner after having looked for approaching cars and remained on his own side of the street. Plaintiff without maintaining a proper lookout and at a speed greater than was reasonable and prudent under the conditions then existing drove his automobile in such a manner as to strike defendant's car while it was on the right side of the street and almost or entirely stopped.

Thus, the conflicting testimony contained portions which would support a judgment for plaintiff and portions which would support a judgment for defendant. It was within the province of the trial court to determine whose testimony was worthy of credence, and what the actual facts were. The present case falls within the scope of the rule which we have often recognized:

Where there is a substantial conflict in the evidence, a verdict or judgment will not be disturbed on appeal unless it is clearly erroneous. See Desmond v. Snyder, 62 Wyo. 478, 174 P.2d 139.

The judgment should be and is affirmed.

Affirmed.

---

[3]Undoubtedly, legally sufficient variations of these findings might have properly been made by the trial court, but it is unimportant to exhaust the possibilities.