Boyd ISAAC, Appellant (Plaintiff below),

v.

Vern ISAAC, Appellee (Defendant below).

No. 3433.

Supreme Court of Wyoming.

Oct. 27, 1965.

Austin T. Redle of Redle, Yonkee & Redle, Sheridan, for appellant.

E. E. Birchby, of Birchby & Birchby, R. G. Diefenderfer, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Boyd Isaac filed a complaint alleging that there had existed a partnership between himself and defendant, Vern Isaac, prior to June 29, 1960, on which day the partners had, in regard to the settlement of their partnership business, entered into a written agreement; that on March 1, 1957, plaintiff had executed an assignment of an undivided 2 percent royalty interest in Lots 2, 3, and 4, Sec. 18, T. 50 N., R. 69 W., 6th p.m., and the SE¼NE¼, Sec. 13, T. 50 N., R. 70 W., 6th p.m., in Campbell County, Wyoming; that as a part of the 1960 settlement defendant was to make a reconveyance of all his interest in the lands previously conveyed to him by plaintiff; that prior to the preparing of the instrument plaintiff had asked defendant whether he had previously received a mineral or royalty interest and defendant had responded that it was a 2 percent mineral interest; that a mistake had thus occurred in describing that which was to be conveyed by defendant to plaintiff as minerals instead of royalty; and plaintiff sought a reformation of the agreement and specific performance of said agreement as reformed.

Defendant denied generally and counterclaimed, asking that the mineral deed be declared void and the royalty interest be confirmed as valid. The case, tried to the court, resulted in a judgment providing that plaintiff take nothing and that the parties remain in status quo. Plaintiff has appealed, urging that the judgment is contrary to the law and the evidence.

■ The parties agree that the substantive law of Montana, the place of the execution of the contract, controls; and this is probably correct, J. W. Denio Milling Co. v. Malin, 25 Wyo. 143, 165 P. 1113, but the circumstance is of slight importance since the crux of the case is whether there was substantial conflict in the testimony. It is settled that an appellate court will not reverse a judgment of a trial court if the only alleged error relates to a finding based upon evidence in which there is a substantial con-

flict. Scott v. Elwood, 77 Wyo. 428, 317 P.2d 513. We look to the record then to determine whether or not plaintiff is correct in contending there is no substantial conflict in the testimony and that the evidence indicates there was, at the time of the June 29, 1960, agreement, either a mutual mistake of the parties as to the type of mineral interest in Campbell County actually conveyed by plaintiff to defendant or a mistake on the part of plaintiff, while defendant then knew or suspicioned that the agreement did not truly express the intention of the parties.

At the time of pretrial order, the parties agreed that: Boyd Isaac had on March 1, 1957, executed and delivered an assignment of an undivided 2 percent royalty to oil and gas produced and saved from the mentioned Campbell County lands and that on such date defendant gave plaintiff a fifty-dollar check, which stated on its face that it was given for the assignment; the parties on June 29, 1960, in the accounting offices of Winslow and Mountain signed a handwritten agreement (relating to the termination of the partnership); thereafter a typewritten instrument was executed; and defendant, on July 9, 1960, executed and delivered to plaintiff a mineral deed to 2 percent of the minerals in some 1320 acres of land in Campbell County, Wyoming.

At the trial, the witnesses were plaintiff, defendant, and the two accountants. Plaintiff testified concerning the 1957 assignment of royalty and indicated defendant had given him the fifty-dollar check but he had given the money back to him. At first plaintiff said this had occurred within a week or ten days "after the check had made the rounds," but on cross-examination, he receded from this statement and said that it was "from a week or ten days to sixty days." As to the June 29, 1960, agreement, he said that he had sent a taxi driver to get defendant, who came to the accountants' offices, talked the matter over, an agreement was put down in writing, and "for the money that he still owed me and some other stuff, why we turned that to him and he was to turn

back this whatever he had in Campbell County"; that one of the accountants asked plaintiff what kind of interest in Campbell County he had given defendant, whether royalty or mineral, and when he, plaintiff, did not know, defendant was asked and responded that it was minerals; and that defendant had not made any statement that he wanted to keep the royalties he had paid for. This mentioned conversation was substantially confirmed by each of the accountants present at the time of the drafting of the handwritten agreement, Mountain stating he did not recall defendant's making any statement that he wanted to keep the royalties he had paid for and that "During the preliminary conversation, Mr. Boyd Isaac said that as part of the Agreement he wanted back the two per cent minerals which he had previously conveyed to Vern Isaac located in Campbell County, Wyoming. The two per cent mineral interest was contrary to the terminology that we were usually used to, so I asked Boyd Isaac whether he meant minerals or royalty. He said he didn't know but to ask his brother, Vern Isaac, because he was there when the deed was made out in Mr. Purcell's office. * * I asked Vern Isaac then if he knew what it was and Vern says, 'I think it was minerals.'" Winslow's testimony was similar when he recounted the preliminary discussion: "At that time, as I recall, Vern seemed to think that it was a mineral interest." He also stated that he did not recall defendant's making any statement that he wanted to keep the royalties he had paid for.

Defendant in his testimony conceded that the only conveyance of royalty or minerals that he ever knew plaintiff had made to him before June 30, 1960, was the 1957 assignment of royalty. As to that, he said plaintiff in 1957 told him "he would sell me two per cent royalty assignments for $50." Concerning the June 29, 1960, agreement, defendant said plaintiff sent a cab driver for him and that he went to the accountants' offices, where Mountain wrote what the parties later signed. He testified, "There

wasn't much talking about [the mineral interest] * * *. He [plaintiff] said he had given me two per cent minerals without compensation and he wanted them back. And I told him at that time that anything he had given me I would give him back, but my two per cent royalty assignment I had bought I was keeping." Defendant also said he was not asked whether the conveyance from plaintiff to him received in Mr. Purcell's office was a conveyance of minerals or royalty and that the fifty dollars he had paid for the royalty assignment had not been given back to him by the plaintiff.

From the foregoing, it appears that there was a conflict in the evidence as to (1) the consideration for the 1957 assignment of royalty and (2) the conversation between the parties and the other persons present at the time of the June 29, 1960, agreement;

and as this court said in Arnold v. Jennings, 75 Wyo. 463, 296 P.2d 989, 991, the trial court, acting as a trier of fact, is entitled to evaluate the testimony and believe any or all or none of the witnesses as the circumstances may warrant.

According to the well settled rule, the burden of proof in the instant case was upon the plaintiff. Castor v. Rice, 71 Wyo. 99, 254 P.2d 189; First Nat. Bank of Morrill v. Ford, 30 Wyo. 110, 216 P. 691, 31 A.L.R. 1441. Defendant's testimony being in substantial conflict with that of plaintiff in the two above-noted aspects, and if believed by the court, being sufficient to negative any right of plaintiff as to reformation of the agreement, the judgment of the trial court must be affirmed.

Affirmed.