## McMAHON v. MIDWEST REFINING CO.*
### (No. 1387; February 8, 1927; 252 Pac. 1027.)

APPEAL AND ERROR—JUDGMENT ON CONFLICTING EVIDENCE NOT DIS-
TURBED—MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW.

1. Where evidence is conflicting, and there is substantial evi-
dence to support judgment, reviewing court will not dis-
turb such judgment.

2. Rule that in case of conflicting evidence appellate court
will not reverse judgment supported by substantial evi-
dence *held* applicable to cases under Workmen's Compen-
sation Act (Comp. St. 1920, §§ 4315-4348).

*See Headnotes: (1) 4 CJ p. 883 n. 33. (2) Workmen's Com-
pensation Acts—CJ p. 128 n. 29.

ERROR to District Court, Natrona County; BRYANT S.
CROMER, Judge.

Proceeding under the Workmen's Compensation Act
by Charles Lee McMahon, claimant, against the Mid-
west Refining Company, employer. Compensation was
disallowed by the district court, and claimant brings
error.

*Irving G. McCann,* for plaintiff in error.

Under the Workmen's Compensation Law, we think a
*prima facie* right to compensation arises when disability
or death is the result of an injury sustained in extra haz-
ardous employment, as defined by statute; 3326 C. S. re-
quires the employer to report whether the accident was
due solely to the culpable negligence of the injured em-
ployee and, if so, to state the facts; compensation should
not be denied unless the injury is found to be due solely
to negligence of the workman, of the class or degree
named in the law; the trial court erred in receiving ex-
hibits "V" and "W"; plaintiff in error relies solely on
the law of our own Supreme Court as declared in the
Hotelling case.

*John B. Barnes, Jr.*, and *Martin J. Dunsworth*, for defendant in error.

Findings made on conflicting evidence will not be disturbed; Hunt v. City, 26 Wyo. 160; Bissinger v. Weiss, 27 Wyo. 262; Mc Fadden v. French, 29 Wyo. 401; White Co. v. Hamilton, 31 Wyo. 390; Huber v. Bank, 32 Wyo. 357; Carter Oil Co. v. Gibson, 241 Pac. 219. The rule applies to compensation cases; Standard Oil Co. v. Sullivan, 237 Pac. 253; Milwaukee Coke Co. v. Ind. Com. (Wis.) 151 N. W. 245; and to cases tried to the court without a jury; Young v. Strickland, 17 Wyo. 520; Phelan v. Brick Co., 26 Wyo. 493; Richards v. Richards, 26 Wyo. 421; Stahley Co. v. Beckstead, 27 Wyo. 173. Claimant assumed burden of proof; Hills v. Blair, (Mich.) 148 N. W. 243; 1 Workmen's Compensation Law (Schneider) 740; Corral v. Hamlyn, (R. I.) 94 A. 877; Albaugh-Dover Co. v. Ind. Board, (Ill.) 115 N. E. 834. The objection to exhibits is untenable; R. R. Co. v. Produce Co., 235 Fed. 857. The case of Hotelling v. Co., (Wyo.) 238 Pac. 542, is inapplicable; 4315-4348 C. S.

Blume, Chief Justice.

Charles Lee McMahon, hereinafter called the workman, was in the employ of the Midwest Refining Company, hereinafter called the company, on April 30th, 1925. He appears to have had an accident on that date. He claims that while helping to carry part of a drill stem off of a derrick floor, his foot slipped because of the oily condition of said floor, causing sprain to his back. He was taken to the hospital of the defendant and on May 26, 1925, was discharged therefrom as fuly recovered. He reported his accident to the court and on June 12, 1925, the court made an order making an allowance to said workman in the sum of $41.94, as for total temporary disability between May 1, 1925 and May 26, 1925. The workman returned to his former job on May 27, 1925, but continued at his employment for only about two days, and was absent to June

6, 1925 because of tonsilitis and quinsy. He again re-
turned to work on the latter date and continued therein to
and including July 2, 1925, when he claims to have sus-
tained a second injury, and alleges that while unloading a
rod-hanger, he slipped over the edge of a sill and wrenched
his back. He was taken to the company's hospital and
kept therein until September 9, 1925, when he was dis-
charged as cured. In the report which he made of the sec-
ond accident, he made a claim only for temporary total
disability, but at the trial alleged that he was permanently,
totally disabled to the extent of seventy-five per cent, and
he tried the case upon the theory that such disability was
the result of either the accident of April 30, 1925, or the
accident of July 2, 1925, and he refused to rely upon either
of them separately, notwithstanding the adjudication al-
ready made as to the first of these accidents.

The court disallowed the claim of the workman, finding
that "there has not been a sufficient showing on the part
of the claimant to prove an accident by a preponderance
of the evidence in either of the above named cases"—
these cases relating to the injuries claimed to have been
sustained on April 30, 1925 and on July 2, 1925. The acci-
dent of April 30, 1925, does not seem to have been ques-
tioned, and we presume that the court meant by the fore-
going finding that there was not sufficient evidence to
show that the accident of this date resulted in any per-
manent injury. Whether that is true or not, would, how-
ever, seem to be immaterial, for the reason that the case
appears to have been squarely tried upon the issue whether
or not there was any permanent injury, and in fact any
injury, to the plaintiff's back, subsequent to July 2, 1925,
as a result of either of the accidents in question. The
workman's theory seems to be that while no permanent
injury to his back from the accident of April 30, 1925
appeared after he was discharged from the hospital on
May 26, 1925, that his back was, nevertheless, more easily
subject to another sprain, and that the accident of July 2,

1925, added to the accident of April 30, 1925, caused the permanent injury. At least nothing else can be gathered from his testimony, and the happening of the accident of July 2, 1925, was a material factor in the case. The witness Chub was working with and helping the workman at the time, and though he was able to observe the workman, he testified in substance that he saw no such accident as the workman claimed. The court cross-examined him closely and evidently believed, from his testimony, that no such accident happened. But whatever may be the truth as to that, the main point, after all, was whether or not the workman had a sprained back after that date. Two physicians testified that he did, and produced X-ray pictures to prove the contention. Two other physicians testified to the contrary, and while they admitted that the workman had an ailment, Dr. Roach testifying that he was incapacitated to the extent of fifty per cent, they agreed that the workman had no injured back such as he claimed. Dr. Kamp testified that, judging from a test that he had taken, the workman was afflicted with neurosyphilis. The record discloses that an X-ray picture was taken under the direction of Dr. Kamp. Dr. Lathrop testified that this picture disclosed an injury to the workman's back. Dr. Kamp testified that it disclosed nothing of the kind. Where the physicians could not agree, it is hardly to be expected that this court could decide the dispute between them. It is accordingly clear that there is a hopeless conflict in the testimony on the main points in issue in this case, and it is hardly necessary to say that where there is substantial evidence to support a judgment, as there is in this case, this court will not reverse it. We have already decided that this rule applies to cases under the Workmen's Compensation Act. Standard Oil Co. v. Sullivan, 33 Wyo. 223, 237 Pac. 253. And we have no reason to depart from that ruling.

The judgment of the District Court must accordingly be affirmed, and it is so ordered.

*Affirmed.*

Potter, J., and Kimball, J., concur.