FOWLER v. CONTINENTAL OIL COMPANY
(No. 1704; Nov. 24, 1931; 4 Pac. (2d) 1092)

For the plaintiff in error there was a brief by *James A. Greenwood,* Attorney General of the State of Wyoming, and *Dawson* and *Daniels,* of Douglas, Wyoming.

For the defendant in error there was a brief by *Joseph Garst,* of Douglas, Wyoming.

RINER, Justice.

These proceedings in error were instituted to review a judgment of the District Court of Converse County disallowing a claim for compensation made by plaintiff in error, William Fowler, under the Workmen's Compensation Law of this state.

Employed as a still cleaner by the Continental Oil Company of Glenrock, Wyoming, the defendant in error, on December 25, 1928, the workman, a boiler maker by trade, in the performance of his duties was—to use the language of his own report of the accident—"lifting a piece of coke preparatory to putting it through still manhole; my right foot slipped, throwing entire weight on my left leg. This caused a strain, diagnosed by Dr. Tabor as swollen gland in groin of left leg. On December 28th, Doctor reported injury as having developed into phlebitis." The nature of the injury was accordingly reported by the workman as "swollen gland groin of left leg—developing later into phlebitis," or inflammation of a vein, resulting in temporary total disability. Under date of January 5, 1929, Dr. Tabor, the attending physician, filed a sworn report stating that he did not think that the injury had resulted in a permanent disability, "as it seems entirely well now,"

and that the period of disability caused by the injury was six days. At the hearing held on November 29, 1929, and subsequently herein mentioned, to investigate the claim of the workman which was filed after leaving the employ of the defendant in error, the workman stated that he was away from his duties nine days, and that he did not consult the physician about the injury until two days after it occurred. During this period of disability he received full pay from his employer.

Upon returning to duty, Fowler was employed in the boiler room of the defendant in error for four or five days —a lighter class of work than that of cleaning stills—and then resumed his former employment, at which he continued, apparently without further complaint or trouble, until June 21, 1929. On that date the workman was injured again and three days later the employer filed its report stating in substance that the workman suffered a strain during the process of cleaning a still; that when through cleaning a still he noticed a slight pain in his left leg; that he returned home and next morning noticed pain and swelling. Dr. Tabor, who again treated the man for this difficulty, stated in his sworn report that his first treatment for this latter injury was given June 22, 1929, for ''an acute phlebitis of the long saphenous vein of the left leg just below the groin and extending about half way to the knee;'' that at the time of the report, which was dated July 16, 1929, there was no disability, and that the period of disability caused by the injury thus described was three or four days. The workman testified at the subsequent hearing that he lost six days time from his work. When he reported for duty, he was put with the boiler gang and was thus engaged until August 31, 1929, when he, together with a number of other workmen of the defendant in error, were dismissed from the latter's employ.

During the twenty days following the accident last mentioned—the period allowed by law for filing a report of the accident (Laws of 1927, c. 111, § 1)—the workman filed

no report or claims for compensation, but on September 17, 1929, he verified a report of this accident of June 21, aforesaid and made claim thereon for compensation. The date when this report was filed does not seem to appear. In it the cause of the accident was described as "strain occurred in left leg in a lifting operation, during the process of cleaning a still at Continental Oil Company Refinery, Glenrock, Wyoming," and the nature of the injury was alleged to be an incurable, permanent, partial disability in that "the left great saphenous or great external vein of the lower limb is markedly enlarged and tortuous from the knee to its junction with the femoral vein just below the groin; any strain thereon will, in all probability, cause an extension of the condition to the lower part of the left leg and also to the right leg; the pain is great when standing thereon."

On November 29, 1929, a hearing was had, at which the testimony of the workman himself and a number of other witnesses was taken relative to the claim thus made. This testimony was conflicting. That given on behalf of the workman tended to show that he had suffered an injury on account of the "strain" described in his claim, which had caused a permanent partial disability—he himself stating that his left leg gave him pain when walking and also when sitting, unless he held the leg up and held it straight; that the leg did not pain him as much as in December and June preceding, as he was not on his feet so much; that he had done nothing since August 31, 1929; that he could not, at the time of the hearing, clean stills or work in the boiler department, and that when he attempted to lift heavy objects the leg pained him and made him sick after it pained him a while.

On the other hand, the testimony for the defendant in error, including that of three physicians, was to the effect that the workman was suffering from no disability whatever in consequence of the claimed injury. Dr. Tabor, who attended the workman in December, 1928, and again in June, 1929, on the occasion of each of the injuries above

referred to, stated in so far as the vein in the workman's left leg which had caused the trouble was concerned, that while there was always a possibility of a recurrence of that trouble, he would say that there was no disability to the vein at all and that it appeared to be fairly normal and is becoming more so; he stated further that he knew the workman was better than he was six months ago. Another physician who examined the workman July 26, 1929, and also on November 29th, following, testified that on the latter date he could find no disability at all. A third medical witness who also examined Fowler on the date last mentioned, and who stated that he had known him for the past fifteen years, testified that he could not find that Fowler had any disability on the date of the examination. Specifically this witness said: ''He favors his leg, bearing practically all of his weight on the other leg. I can't find any trouble there today.''

At the conclusion of the hearing, the court gave judgment that the employe-claimant, William Fowler, recover nothing by his claim for compensation, findings being made that he had in no way been incapacitated by reason of the injury alleged, had fully recovered and was entitled to no compensation under the law in consequence.

A motion for a new trial was made by counsel for the workman, based solely on the ground that the judgment was contrary to law and the evidence in the case. Thereafter and on January 28, 1931, upon the trial court's own motion, additional evidence tendered by the workman was taken in this matter, over defendant in error's objection. This consisted of the testimony of another physician, who made an examination of Fowler for the first time on April 18, 1930, and who stated in substance that the left internal semi-lunar cartilage between the tibia and femur had slipped and had never become normally replaced, causing reflex nerve pains from pressure by scar tissue and adhesions up and down the leg and thigh; that there was a fracture of the tip of the left greater trochanter. Explaining

this last statement, the doctor said that the tip of the hip bone, by the dislodgement of this piece of bone and the muscle attachments to it, had produced a changed hip joint condition, resulting in disabling not only his left leg but the entire body, and that in the opinion of the physician the condition was a permanent one. Two X-ray photographs were introduced in connection with this testimony. On cross-examination the witness further testified that it would have been very difficult for the workman, on account of the pain, if he had been working all the time he had an injury of this kind, and that witness could not say when the injury to the hip bone occurred.

Upon the conclusion of this supplemental hearing, the court made an order overruling the workman's motion for a new trial, and thereafter these proceedings for review of the record made in the case were instituted.

Enough has been said above to indicate that there was a serious conflict in the evidence in this case, whether the testimony of the last witness and fourth doctor testifying in the case be considered or not. It cannot be doubted that there was substantial evidence to support the findings of the trial court. As many times previously intimated by this court, where the testimony is conflicting but there is substantial evidence to support the findings of the trial court, we will not undertake to review the entire evidence in the case and substitute our own judgment thereon for that of the lower tribunal, possessed as that court is of the superior advantage of seeing and hearing all the witnesses. Huber v. Bank, 32 Wyo. 357, 231 Pac. 63, 234 Pac. 31; Christensen v. McCann, 41 Wyo. 101, 282 Pac. 1061. And this rule has been repeatedly applied to Workmen's Compensation Act cases: McMahon v. Midwest Refining Co., 36 Wyo. 90, 252 Pac. 1027; Standard Oil Co. v. Sullivan, 33 Wyo. 223, 237 Pac. 253; Kittleson v. Hibler, 37 Wyo. 332, 261 Pac. 648; Carter Oil Co. v. Gibson, 34 Wyo. 53, 241 Pac. 219.

There is no justification that we can see for disturbing the findings of the trial court, and its judgment must, accordingly, be affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.