JOHN F. PARKEL,

*Employee-Claimant and Appellant,*

vs.

THE UNION PACIFIC COAL COMPANY,

*Employer-Defendant and Respondent.*

(No. 2511; November 27, 1951; 237 Pac. (2d) 634)

For the appellant the cause was submitted upon the

brief of Albert E. Nelson and Kenneth G. Hamm both of Rock Springs, Wyoming.

For the respondent the cause was submitted upon the brief of Edwin V. Magagna and Joseph H. Galicich both of Rock Springs, Wyoming.

124

## OPINION

PER CURIAM:

This is a Workmen's Compensation case in which John F. Parkel is the claimant. He contends that he is entitled to the sum of $90 for temporary disability sustained while he was in the employ as a coal miner for the Union Pacific Coal Company from October 4, 1948 to November 10, 1948. The employer contends that the claimant sustained no injury and is consequently not entitled to any sum of money whatever. The trial court evidently agreed with the contention of the employer and denied the claimant any compensation and the latter has appealed to this court.

On October 6, 1948, Dr. K. E. Krueger of Rock Springs notified Charles Grosso, Mine Superintendent of the employer herein, that the claimant herein reported for treatment on that day stating that he was injured on October 4, 1948 and sustained a sprained back. The mine superintendent endorsed upon this notice the fact that Parkel did not report any injury to any supervisor. No report of any accident was filed by the employer. But the employee on November 9, 1948 filed a claim for temporary disability claiming that: "While three of us were carrying a swivel two on the back end and I was on the front end, there was a sudden twist of the swivel and I felt a sharp pain in my back. I told the men to set it down because I hurt my back." The employee was discharged by the physician as cured on November 10, 1948. The claimant in the trial of this case testified that he and two others carried a swivel, that is to say, a piece of machinery, from the face of the mine down to the loading point; that the swivel weighed between 400 to 700 pounds; that while they were thus carrying the swivel he got a sharp pain in his back; that he had had an injury to the back sometime previously; that he told at the time to those working with him, namely one Crowe and one Ed Dunn that he was hurt and that he also reported that to George Fabiny who was a unit foreman or what is called a "pusher"; that he reported to Dr. Krueger and was under his care until given a release on November 10, 1948; and that he returned to work on the 13th day of November, 1948. Claimant also attempted to get the matter adjusted through the local union but apparently the attempt in that direction resulted in nothing and the proceeding herein was thereupon brought to trial. Dr. Krueger testified that he treated the claimant during the time above mentioned; that the claimant reported to him that he had a sprained back. He testified in part as follows: "Usually, when a man comes in with an injured

back, if it isn't due to a blow, then there is no x-ray taken. You can sometimes elicit tenderness on pressure or flexion of the muscles. I don't remember now whether this was present or not. When a man says he has got a sprained back, we have to take his word for it."

Testimony in connection with the claimed injury was given on behalf of the employer by Ed Dunn, a retired coal miner, and apparently therefore an unprejudiced witness, and by George Fabiny, the unit foreman above mentioned. Dunn stated that he worked with the claimant at the time mentioned; that the swivel which the claimant contended to have weighed between 400 and 700 pounds, in fact did not weigh more than 150 pounds; that the swivel was small; that the three of them carried it; that Parkel said when they got to the bottom of the air course "Let's put it down, wait until we get some more help"; that claimant stated that he had been hurt once before, but so far as the occasion mentioned was concerned he stated "I didn't know anything about anybody getting hurt"; that claimant did not say at that time that he was hurt. The witness George Fabiny testified that he directed the work of claimant; that he instructed him and those with him to take a swivel up to the face of the mine; that it was not taken up; "When I got back, I went up and asked him (the claimant) how come the swivel wasn't moved. He said he wasn't going to take it up. That is when I told him to see the boss, if he didn't want to follow orders." "Q Did Mr. Parkel, at that time, state to you that he had been hurt on that day? A Absolutely not. Q This swivel that you were referring to, about how much did that swivel weigh? A This type of swivel is the smaller one—between 90 and 125, not over 150 at the most. Q Isn't it true that Mr. Parkel told you he injured his back carrying a swivel? A No, that is not true; he didn't tell me. Q Had he told you, would you still have fired him?

A No. Q What did Mr. Parkel say to you when you asked him why the swivel wasn't up to the face? A I can't remember just what it was when I asked him. He told me that swivel could stay there as far as he was concerned. Q Did he say why it stayed there? A I said, 'I want it up there'. He said, 'You are not going to get it up there'. I told him he was through."

Counsel for appellant say that the court must have taken the position either that the claimant sustained no injury, or that a sprain is not compensable, or that a sprain resulting in aggravation of a former injury is not compensable, and that neither position is tenable in the case at bar. It is probable that the court held that claimant sustained no injury whatever. Counsel argue that in view of the fact that the claimant testified that he was injured and the fact that there is no direct evidence to the contrary, the judgment is not sustained by sufficient evidence. It is true, of course, that the witness Dunn and the witness Fabiny were unable to testify directly that the claimant was not injured. But it is probable that if the claimant sustained a sprained back, he knew of it at the time, and if he did not mention it, particularly to the unit foreman under the facts above disclosed, that is a circumstance, and we think a strong one under the facts herein, tending to show, in the judgment of the trial court, that he did not sustain any injury. We hardly think that the trial court was compelled to accept the uncorroborated testimony of the claimant—he was not corroborated by Dr. Krueger as may be noted by his testimony quoted above. Claimant testified that the swivel which he and others were carrying weighed from 400 to 700 pounds. Two of the witnesses, including the testimony of Ed Dunn who it seems was entirely unprejudiced, testified on the contrary that it did not weigh more than 150 pounds. Again the claimant testified as already noted

that he told his co-workers and Fabiny of the injury which he sustained. The testimony of two witnesses on the part of the employer, however, is to the contrary. Thus the court was fully authorized to find that the testimony of the claimant herein was false in these particulars. There is a maxim which counsel seem to have forgotten, to the effect that "Falsus in uno, falsus in omnibus"—false in one thing, false in all. Thus it is said in 70 C. J. 783: "Under the maxim, Falsus in uno, falsus in omnibus, as strictly interpreted, if a witness testifies falsely as to any one material part of his testimony, his testimony should be discarded as a whole, and cannot be relied on for any purpose whatever, unless strongly corroborated; but this rule is not inflexible," etc. We cannot say that the trial court was not justified, under the rule here stated in disregarding claimant's testimony that he sustained a sprained back. We see no reason for interfering with the court's finding. See also Fowler vs. Continental Oil Co., 43 Wyo. 410, 4 P. 2d 1092; Corey vs. Pennington, 65 Wyo. 301, 200 P. 2d 333; Christensen vs. Grant, 54 Wyo. 382, 92 P. 2d 563; In Re Scrogham, 52 Wyo. 232, 73 P. 2d 300.

The judgment herein is accordingly affirmed.

*Affirmed.*