**In the Matter of the Claim of Heber L. Pease, Employee.**

**Heber L. PEASE, Appellant (Employee below),**

v.

**PACIFIC POWER & LIGHT COMPANY, Appellee (Employer below).**

No. 3732.

Supreme Court of Wyoming.

April 30, 1969.

Marvin L. Bishop III, Casper, for appellant.

Houston G. Williams, of Wehrli & Williams, Casper, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

Appellant-claimant was a journeyman lineman employed by Pacific Power & Light Company, appellee, and was so employed on Thursday, February 15, 1968. He testified that, at about 11:30 a.m. that day, he picked up a coil of wire and loaded it on a truck; in so doing he experienced a sharp pain in the lower part of his back; he did not mention this to any of his fellow employees, two of whom were present at the time; he continued to work on Thursday, Friday, and the following Monday; and that his back was hurting "real

bad," but said nothing Thursday, Friday, or Monday, to his foreman or fellow employees.

On Tuesday morning at 7:30, five days after the claimed injury, appellant telephoned his foreman and advised him he had hurt his back and wouldn't be at work that day, and that he was going to see a doctor. He did not at that time say when, how, or under what circumstances he had hurt his back, but only that it was hurting.

On Wednesday morning, February 21, the district line superintendent went to see claimant at his motel room. Claimant advised the superintendent that he had hurt his back the previous week while loading a coil of wire and that he was going to see the doctor at 2 p.m. on that day. The superintendent instructed claimant to come by the employer's office after he had been to see the doctor so that an accident report could be made. Claimant did not report to employer's office, and at 4:30 p.m. the superintendent again went to claimant's motel room and asked why he had not reported to the office. Claimant advised the superintendent that he had been to the doctor and that the doctor told him to go back to the motel and stay in bed. The superintendent had checked with the doctor and found that claimant had not been to the doctor and so advised claimant. Claimant, however, assured the superintendent that he had been to the doctor. The superintendent told claimant to come to the office the next morning. Claimant did not report at the employer's office, and at 8:30 on Thursday morning the superintendent again went to claimant's motel room and advised him that he was removed from the payroll. Claimant's employment was terminated because of his unreliability in reporting for work.

On Friday, February 23, claimant went to the doctor and described what he had done and told the doctor he was having some pain and would like a "pain killer." The doctor gave claimant a prescription which he had filled and he then went to his home at Douglas. That night he be-

came sick and was hurting, and the doctor had him admitted to the hospital in Casper.

On February 23, X rays were taken and a bone graft, from a spinal fusion in 1965, appeared to be solid. He was hospitalized for four days, treated by means of traction and physical therapy, and was dismissed on February 27. He was to be reexamined by the doctor in approximately one month.

On February 28, claimant filed an Injured Workman's Report of Accident. The company protested the various claims on the grounds that the injuries were not job-connected. On May 17, X rays showed there was motion present at the site of the 1965 bone graft.

The matter was heard before the court on May 24, and on June 18, the court entered its order denying the claims for payment of hospital and medical bills and for temporary total disability. The claimant appeals from this order arguing that he had proved by a preponderance of the evidence that he was injured while working for employer, that he notified his employer of the injury within the time prescribed by law, and that a preexisting weakness in claimant's back would have no bearing on whether or not such claimant would be entitled to compensation.

The employer, in protesting employee's claim, questioned whether or not claimant was injured while in the employ of employer. Thus this one issue was clearly before the court, and the ruling of the trial court carries with it a fact-finding that claimant's injury was not the result of his employment. Williams v. Northern Development Co., Wyo., 425 P.2d 594, 595.

We recognize and have held many times that our Workmen's Compensation Law should be liberally and reasonably construed to protect persons suffering casualties in industry. However, "courts are not free under the guise of construction to extend the beneficent purpose of the law to injuries that do not reasonably fall within the reach of the language used." In re Hardison, Wyo., 429 P.2d 320, 322. Claimant has the burden of establish-

ing every essential element of his claim by a preponderance of the evidence. Here the pertinent, essential elements to be proved by claimant were that the injury arose "as a result of * * * [his] employment and while at work." Sec. 27–49 [III] (a), W.S.1957, C.1967. That claimant, even though his back was hurting him "real bad," did not report the injury or even mention it to any of his fellow employees until six days thereafter, continued to work for two and one-half days after the injury, and did not seek medical attention until eight days after the injury, strongly support the employer's contention and the trial court's finding that the injury did not occur at the time and place as alleged by claimant. Parkel v. Union Pac. Coal Co., 69 Wyo. 122, 237 P.2d 634; Bocek v. City of Sheridan, Wyo., 432 P.2d 893.

Upon examination of the record, we are satisfied there is substantial evidence to support the trial court's finding that claimant's evidence was not sufficient to establish by a preponderance that he suffered a compensable injury.

Because of our holding, we need not discuss whether notice was given as required by law or what effect, if any, a preexisting condition would have in this case.

The judgment is affirmed.