**Stephen Lee HAMPTON, Appellant (Employee/Claimant),**

v.

**ALL FIELD SERVICE, INC., Appellee (Employer/Respondent).**

**No. 86–106.**

Supreme Court of Wyoming.

Oct. 9, 1986.

Steven M. Avery, Riverton, for appellant.

Charles E. Hamilton, Riverton, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This court here considers a Worker's Compensation/back injury/incurrence or aggravation claim by affirming the trial court denial, the issue being sufficiency of the evidence to sustain decision.

Stephen Hampton (claimant) went to work for All Field Service, Inc. (employer) on August 2, 1984, and had a physical examination September 14. He had had a previous back injury in April, 1984, resulting in a Worker's Compensation claim, which fact was not communicated to his new employer in employment or examination inquiry.

On November 26, 1984, Hampton claimed a new back injury from lifting a stuck van door. No report of the injury was then made to the employer, or thereafter within the 24 hours as a stated time requirement for claims in § 27–12–502, W.S.1977 (1983 Replacement).

Calling in sick the next day with "cramps" and "diarrhea," he stayed in bed, and on the following day went to a doctor, thereafter filing a Worker's Compensation claim for a back disability and injury. He did not return to employment with that company.

The employer contested the claim on the failure to report, failure to advise of prior injury, and failure to prove injury during the period of employment.

Upon trial in December, the court denied the claim, finding that the claimant had failed to sustain his present injury burden of proof, since a prior thoracic spinal injury had existed antedating current employment. A motion made for a new trial pursuant to Rule 59, W.R.C.P. was resolved by order of the court on April 15, 1986 by its finding:

> "That in the original trial of this matter, Employee/Claimant failed to sustain his burden of proof that his present symptoms or condition were as a result of injury related to his employment with Employer/Respondent, nor was any pur-

ported injury a result of a previous injury aggravated by an accident or other injury as a result of his employment."

The record presents a factual conflict, causing inquiry whether a compensable new injury or an aggravated prior injury is documented by sufficient facts for this court to hold that the trial court decision was not founded upon substantial evidence.

Factually invoked was the contention by claimant of "severe lumbar strain & cervical. Lifting door of semi van. Carried truck tire on shoulders. Neck, lower back," as affected or related to his nondisclosed prior Worker's Compensation claim and failure to report within 24 hours.

Addressing the issue in trial testimony were claimant, his wife, and a Lander chiropractor for medical testimony. Employer called five witnesses: a Riverton chiropractor, employer's manager, and three employees who were in the work-area vicinity or otherwise knowledgable generally about the claimed incident.

We approach appeal disposition with recognition of three rules of decision:

(1) The law is liberally construed in favor of the employee, *Lerch v. State ex rel. Worker's Compensation Division*, Wyo., 714 P.2d 754 (1986); *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983); *Matter of Johner*, Wyo., 643 P.2d 932 (1982); *Mor, Inc. v. Haverlock*, Wyo., 566 P.2d 219 (1977);

(2) The burden is on the claimant to prove the facts required for claim allowance, *Alco of Wyoming v. Baker*, Wyo., 651 P.2d 266 (1982); *Gifford v. Cook-McCann Concrete, Inc.*, Wyo., 526 P.2d 1197 (1974); *Black Watch Farms v. Baldwin*, Wyo., 474 P.2d 297 (1970); and

(3) The decision of the trial court will be sustained if supported by substantial evidence, *Shaw v. Lewmont Drilling Associates, Inc.*, Wyo., 694 P.2d 117 (1985); *Pacific Power and Light v. Parsons*, Wyo., 692 P.2d 226 (1984); *Lindbloom v. Teton International*, Wyo., 684 P.2d 1388 (1984).

It may well be that procedural factors of the neglected advice of prior back conditions and resulting Worker's Compensation claim and belated notice after the claimed incident were considered by the trial court, but clearly supporting substantive evidence favoring the trial court's decision determines that this court will not now re-try contested facts by a second review through appellate reconsideration. *Randell v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division*, Wyo., 671 P.2d 303 (1983); *Creek v. Town of Hulett*, Wyo., 657 P.2d 353 (1983).

Affirmed.