**Patrick F. DOUGHERTY, Appellant (Employee–Claimant),**

v.

**J.W. WILLIAMS, INC., Appellee (Employer–Defendant).**

**No. 90–174.**

Supreme Court of Wyoming.

Nov. 13, 1991.

Mark W. Gifford of Brown & Drew, Casper, for appellant.

Lawrence E. Middaugh, Casper, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

## OPINION

MACY, Justice.

Appellant Patrick F. Dougherty filed a worker's compensation claim, alleging he injured his back while he was working for Appellee J.W. Williams, Inc. Williams objected to the claim.[1] The hearing examiner determined that Dougherty failed to prove his condition arose out of and in the course of his employment and was not a recurrence of a preexisting condition, and she denied Dougherty's claim. Dougherty appealed the hearing examiner's decision to the district court, and the district court affirmed the decision.

We reverse and remand.

Dougherty poses these issues:

1. Were the findings and conclusions of the administrative law judge in the underlying Worker's Compensation contested case proceeding lacking in statutory right, and thus unlawful under W.S. § 16–3–114(c)(ii)(C)?

2. Were the findings and conclusions of the administrative law judge unsupported by substantial evidence, and thus unlawful under W.S. § 16–3–114(c)(ii)(E)?

3. Were the findings and conclusions of the administrative law judge arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, and thus unlawful under W.S. § 16–3–114(c)(ii)(A)?

At the hearing held before the hearing examiner, the parties focused on the following issues: (1) Did an on-the-job injury occur; (2) was a preexisting injury aggravated; and (3) did the employee fail to give notice to the employer as required by Wyo. Stat. § 27–14–502 (1991). Dougherty performed strenuous physical labor for Williams. He testified he had never been diagnosed as having a back injury and he did not experience any problems with his back before July 28, 1989. He did have a motorcycle accident in 1987 in which he suffered a massive hematoma to the right hip but no injury to his back, and he did not receive any treatment to his back. On the morning of July 28, 1989, about three weeks after he began working for Williams, Dougherty was unable to bend over to tie his shoes. He went to work and reported his condition to his supervisor, telling his supervisor that he was going to see a doctor. Dougherty also told his supervisor he had a sore back at times but nothing like the pain he encountered that morning. During cross-examination, Dougherty identified slippage of pipe wrenches as one of the events which may have injured his back.

John M. Tooke, M.D., examined Dougherty and entered his diagnosis of Dougherty's condition, "Back m.m. spasm," onto an itemized statement. Dougherty testified the doctor told him to rest over the weekend and to go to the hospital for physical therapy because he had obviously suffered a muscle spasm to the right lower back. Dougherty began therapy with a physical therapist and returned to work on August 1, 1989. Later, at the insistence of Williams, Dougherty obtained an authorization from Dr. Tooke allowing him to return to work.

Gail Brown, the licensed physical therapist who treated Dougherty, also testified. Although Brown admitted that she could not make a diagnosis (as Dr. Tooke had already done), she described Dougherty's condition as an acute (recent onset as opposed to a chronic condition) musculoskeletal strain resulting from a postural trauma which was caused by his recent activities at work. Brown also reviewed the medical records pertaining to Dougherty's 1987 motorcycle accident and stated the records did not reveal the occurrence of any back injury. When she was asked during cross-examination whether the injury was a usual type, she responded, "yes, based on his history, the activity he performed the day before, a lot of times it won't come out until you rest it."

The first of two witnesses called by Williams was Tom Covert, a service manag-

---

1. The claim was in the amount of $1,424.88 for the services of a physical therapist, prescription medications, and a physician's fee. Dougherty made no claim for lost wages or for temporary or permanent disability.

er for Williams. He related that Dougherty did not report an on-the-job injury to him but that Dougherty merely told him he was having trouble with his back and was going to see a doctor. However, the record shows Covert did sign an employer's report of injury which stated Dougherty had reported the injury on July 28, 1989. Covert also stated Dougherty told him that, ever since his motorcycle accident, Dougherty had occasional problems with his back. Covert agreed Dougherty's work did involve hard physical labor and heavy lifting. In addition, he testified Williams had a policy of taking a very close look at back injury claims because Williams had been "stung" once on a back injury claim.

Arthur Hibbler, an assembly hand for Williams, was also called as a witness for Williams. He worked with Dougherty almost every day and related that they did heavy lifting. He also testified that Dougherty complained about his back hurting one day and said he was going to see a doctor. Hibbler did not recall Dougherty saying anything about his back hurting as a result of a motorcycle accident, and he stated Dougherty had not complained about his back hurting either before or after the occurrence of the injury which caused him to see a doctor. Hibbler explained that some of the pipe wrenches which they used in their work were worn, causing the wrenches to slip, and that, when the wrenches slipped, the workers would get quite a "jolt."

The hearing examiner determined that the injury occurred over a substantial period of time; that Wyo.Stat. § 27–14–603 (1987)[2] was the controlling statute; that Dougherty had the burden to prove by competent medical authority that his claim arose out of and in the course of his employment; that the testimony of a licensed physical therapist did not satisfy the burden placed upon Dougherty because the testimony did not fulfill the requirement of

"competent medical authority"; and that Dougherty failed to prove his condition arose out of and in the course of his employment and was not a recurrence of a preexisting condition.

■ In resolving this case, we employ the following test:

We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency.

*Trout v. Wyoming Oil and Gas Conservation Commission,* 721 P.2d 1047, 1050 (Wyo.1986) (citation omitted), *quoted in State ex rel. Wyoming Workers' Compensation Division v. Hollister,* 794 P.2d 886, 891 (Wyo.1990), and *Hohnholt v. Basin Electric Power Co-op,* 784 P.2d 233, 234 (Wyo.1989).

■ We agree with Dougherty that his claim was not governed by § 27–14–603. The evidence is uncontradicted that Dougherty was able to perform hard physical labor both before and after receiving the injury in question. The injury was the result of a single brief occurrence (muscle spasm). Wyo.Stat. § 27–14–503 (1991); *Grindle v. State ex rel. Wyoming Worker's Compensation Division,* 722 P.2d 166 (Wyo.1986); *Colorado Fuel & Iron Corp. v. Frihauf,* 58 Wyo. 479, 135 P.2d 427 (1943); 1B Arthur Larson, The Law of Workmen's Compensation § 39 (1991). The hearing examiner erred in applying § 27–14–603 and in denying Dougherty's claim on the basis of his failure to meet the "competent medical authority" standard. The hearing examiner's determination that Dougherty failed to prove his condition

---

**2.** Section 27–14–603(a) provides in pertinent part:

    (a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim

arose out of and in the course of his employment. . . .

Subsection (e) was added to § 27–14–603 by 1991 Wyo.Sess.Laws ch. 90, § 1 effective July 1, 1991.

arose out of and in the course of his employment and was not a recurrence of a preexisting condition is also erroneous. The record contains only a scintilla of evidence that Dougherty's back injury was a recurrence of a preexisting condition. With the exception of Covert's testimony that Dougherty told him his back had occasionally acted up since his motorcycle accident, which Dougherty essentially denied, all the other evidence presented belied the existence of a preexisting condition. Giving the maximum possible credence to Covert's testimony, we observe the record shows Dougherty might have believed his back pain was a recurrence from the motorcycle injury. If he did believe that at the time he talked to Covert, he was wrong in so believing. We are compelled to reverse the hearing examiner's determination.

Reversed and remanded to the district court with directions that the case be further remanded to the hearing examiner and that Dougherty receive all worker's compensation benefits documented in his claim.

THOMAS and CARDINE, JJ., dissent.

THOMAS, Justice, dissenting.

Like Justice Cardine, I must dissent from the opinion of the court in this case. I agree with the perceptive comments of Justice Cardine with respect to the burden of proof. However, I have some additional concerns with the majority decision in this instance.

Even though Section 27–14–603, W.S.1977 (June 1991 Repl.), is not applicable, as the majority holds, we still have an historic requirement that there be medical testimony to establish a causal relationship between an occurrence on the job and the claimed injury. *Black Watch Farms v. Baldwin*, 474 P.2d 297 (Wyo.1970). Other cases suggest the necessity for establishing the nexus between the employment and the injury. *Hampton v. All Field Service, Inc.*, 726 P.2d 98 (Wyo.1986); *Matter of Jones*, 702 P.2d 1299 (Wyo.1985); *Consolidated Freightways v. Drake*, 678 P.2d 874 (Wyo.1984). I am unable to find the evidence introduced by Dougherty in this case

that would establish the relationship between his job and the injury. The case is very like *Hampton* in the sense that even Dougherty cannot describe any event on the job that seemed significant. His problem was that he had difficulty in the morning in attempting to tie his shoes. There was no expert medical testimony and, even if it were in evidence, the diagnosis on the receipt from John M. Tooke, M.D. has no reference to any event that may have induced a "Back m.m. spasm."

While exceptional instances may occur in which it is not necessary to invoke medical testimony to establish the causal relationship, *In re Frihauf*, 58 Wyo. 479, 135 P.2d 427 (1943), it is also clear that the finder of fact need not accept the statements of the claimant as to the causal relationship. *Parkel v. Union Pacific Coal Co.*, 69 Wyo. 122, 237 P.2d 634 (1951). It is obvious from the record that Dougherty wanted to rely upon the testimony of Gail Brown to fill this gap and establish the causal relationship. Gail Brown is a licensed physical therapist, but she does not come within the statutory definition of a "health care provider." The statute is limited in a rather precise way:

" 'Health care provider' means doctor of medicine, chiropractic or osteopathy, dentist, optometrist, podiatrist or psychologist, acting within the scope of his license, licensed to practice in this state or in good standing in his home state; ...."
§ 27–14–102(a)(x), W.S.1977 (June 1991 Repl.).

In determining whether a causal relationship is supported by competent medical authority, I would limit that class of witnesses to those who are identified as health care providers in the statutory definition. Absent the expertise to draw the conclusion of a nexus, the testimony of Gail Brown becomes hardly more than sheer conjecture and, certainly, nothing upon which the hearing officer was required to rely, even if it was admitted.

Reduced to salient matters, this record demonstrates that Dougherty worked at a job that involved strenuous physical labor. One morning he was unable to bend over to

tie his shoes. He was unable to identify any event on the job that caused his injury, although he speculated about that. There is a diagnosis in the file made by a medical doctor, but it does not relate to any event that may have caused the injury. A physical therapist testified that she could not make a diagnosis, but she ventured an opinion that Dougherty's injury was caused by his recent activities at work. That witness also stated that, "Based on my previous experience with low back injuries, they can be a chronic thing." This testimony presents an interesting contrast with the assumptions of fact in the majority opinion. Even if the witness could be considered a "competent medical authority," can such contradictory testimony really sustain a conclusion contrary to that of the hearing examiner that Dougherty met his burden of proof?

Apparently, because no specific event could be identified, and because Dougherty had told his supervisor that he had a sore back at times, the hearing examiner identified the injury as one that had occurred over a period of time, which was subject to the provisions of Section 27–14–603, W.S.1977 (June 1991 Repl.). As I have indicated, even if that were an erroneous ruling, this still is a case in which the nexus appropriately should be established by competent medical authority. I do not find that demand to have been satisfied.

I would affirm the decision of the district court in which the decision of the hearing examiner was affirmed.

CARDINE, Justice, dissenting.

I dissent. The majority, with limited discussion, dismisses the hearing examiner's factual finding that Dougherty failed to link his injury to his employment with J.W. Williams, Inc. (Williams). Under the Worker's Compensation Act, an injury "means any harmful change in the human organism * * *." W.S. 27–14–102(a)(xi). The burden is on the injured claimant to establish every essential element of his claim by a preponderance of the evidence. *Hohnholt v. Basin Electric Power Co-op.*, 784 P.2d 233, 235 (Wyo.1989). Dougherty, as the claimant, therefore had the burden to prove by a preponderance of the evidence that his "injury" arose out of and during the course of his employment. *See Hohnholt.*

After a review of the evidence, the hearing examiner found that Dougherty failed to meet this burden. The majority conducts its own review of the evidence and finds that Dougherty's injury did arise out of and during the course of his employment with Williams.

The role of the court is not to substitute its findings for those of the hearing examiner. Our role is to determine whether there is "substantial evidence" to support the factual findings of the hearing examiner. Here, the record contains substantial evidence to support the finding that Dougherty did not prove by a preponderance of the evidence that his injury arose from his employment with Williams. During cross-examination, Dougherty acknowledged that he was not able to point to any "activity" at work that "actually did it [injury]." Covert, the service manager for Williams, testified that Dougherty told him "that ever since that [motorcycle] accident, he had had problems with his back flaring up on occasion."

The majority dismisses this testimony as mistaken and finds that Dougherty was *"wrong in believing"* that his injury was a reoccurrence of his motorcycle accident. Based on its own independent evaluation of the evidence before the hearing examiner, the majority concludes that "[t]he injury was the result of a single brief occurrence (muscle spasm)," maj. op. at 555, and, therefore, not the result of a chronic condition. But a chronic condition may be one that ebbs and flows. Some days a chronic back may hurt, other days it may be symptomless. When it does hurt, there may be muscle spasm which is a cause of pain. The fact that the muscle spasm may have been the result of a single brief occurrence does not mean, therefore, that the hearing examiner erred. That single brief occurrence may—as the hearing examiner apparently concluded—date back to the motorcy-

cle accident and may not be due to his employment with Williams.

The point is that it is not the role of this court to second-guess the fact finder—and if we are going to start making our own factual findings and conclusions, perhaps it would be helpful to amend the current standard of review to reflect our new role. The evidence presented, when analyzed under the appropriate standard of review, is sufficient to affirm the findings and conclusions of the hearing examiner.

I would affirm.