**In the Matter of the Workers' Compensation Claim of Dade R. FARMAN, an Employee of Farman Construction, Inc.**

**Dade R. FARMAN, Appellant (Employee–Claimant),**

**v.**

**STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector–Defendant).**

**No. 92–115.**

Supreme Court of Wyoming.

Nov. 12, 1992.

James P. Castberg, Sheridan, for appellant.

Gerald W. Laska, Sr. Asst. Atty. Gen., and Kenneth E. Spurrier, Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

MACY, Chief Justice.

Appellant Dade R. Farman appeals from the district court's order affirming the hearing examiner's decision to deny any worker's compensation benefits to Appellant. The hearing examiner denied all benefits because Appellant failed to prove that his untimely claim did not prejudice the

* Chief Justice at time of conference.

Workers' Compensation Division and, alternatively, because sufficient evidence did not exist to show that Appellant's injuries arose out of his employment.

We affirm.

Appellant presents the following issues for our review:

The district court judge erred in his findings

I. In denying the Appellant's Motion For Change of Judge.

II. That the evidence produced by the Appellant was not sufficient to overcome the presumption that the Division's investigation was prejudiced by the Appellant's late filing of his claim.

III. That the record reveals substantial evidence to support the finding that the Appellant was not headed towards a construction job at the time of the accident.

Appellant was an employee and an officer of Farman Construction, Inc., a small family-run corporation whose business consisted primarily of remodeling residential homes. Appellant claims that he was injured while traveling to one of the corporation's construction sites. On November 28, 1989, Appellant was driving his pickup truck north on Coffeen Avenue in Sheridan, Wyoming, when an oncoming vehicle crossed the center line and struck the left front corner of Appellant's truck. As a result of the collision, Appellant suffered numbness, lower back pain, and headaches which impaired his ability to perform construction work. Appellant started receiving medical treatment for his ailments approximately one week after his accident occurred, and he continued to be treated by several doctors over a period of many months.

Appellant waited until July 10, 1990, almost seven and one-half months after the accident happened, to file a claim for worker's compensation benefits. In conjunction with his claim, Appellant submitted a letter explaining that the delay in filing a claim was due to his assumption that State Farm Insurance Companies (the insurer for the

car which struck him) would pay for his lost wages and medical expenses. The Workers' Compensation Division initially awarded temporary total disability benefits to Appellant for his accident-related injuries but subsequently ceased making payments after determining that his injuries did not arise out of and in the course of his employment. Following a hearing on July 16, 1991, the hearing examiner denied all claims. The hearing examiner offered two alternative grounds to support his decision: (1) Appellant failed to prove by clear and convincing evidence that his late claim did not prejudice the Workers' Compensation Division; and (2) he failed to prove by a preponderance of the evidence that his injuries arose in the course of his employment. The district court found that substantial evidence existed to support the hearing examiner's decision, and Appellant filed a timely appeal with this Court.

■ In his first issue, Appellant claims that the district judge erred by not recusing himself from Appellant's worker's compensation appeal. Appellant's dissatisfaction stemmed from a statement the judge allegedly made relating to a separate civil action which Appellant had brought against the driver of the other car. In an affidavit attached to his motion for a change of judge, Appellant stated:

> 4. Following the trial [against the driver of the other car] it has been reported to me by sources I consider to be reliable, that Judge Wolfe had stated that he would have given me only the amount of my bill with Dr. Smith.
>
> 5. Based on the foregoing, I do[ ] not feel that I can obtain a fair and impartial hearing on my Appeal herein.

The judgment in the suit against the other driver was for $24,000, which was considerably more than the amount of Dr. Smith's bill.

In considering Appellant's motion to disqualify him, the district judge was governed by W.R.C.P. 40.1(b)(2)[1] and Canons 2 and 3 of the Wyoming Code of Judicial Conduct. Canon 2 requires a judge to act at all times in a manner which promotes public confidence in the integrity and impartiality of the judiciary. Canon 3E applies more specifically to the issue at hand, stating in part:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
>> (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

W.R.C.P. 40.1(b)(2) provided in relevant part:

> (2) Disqualification for Cause.—Whenever the grounds for such motion become known, any party may move for a change of district judge on the ground that the presiding judge ... (E) is biased or prejudiced against the party or his counsel. The motion shall be supported by an affidavit or affidavits of any person or persons, stating sufficient facts to show the existence of such grounds.

This Court has previously said that, without a valid reason to recuse himself, a judge is bound to hear the case.

> " 'Recusal and reassignment is not a matter to be lightly undertaken by a district judge. While, in proper cases, we have a duty to recuse ourselves, in cases such as the one before us, we have [a] concomitant obligation *not* to recuse ourselves; absent a valid reason for recusal, there remains what has sometimes been termed a "duty to sit[."] [Citations.]' *Simonson v. General Motors Corporation*, U.S.D.C.Pa., 425 F.Supp. 574, 578 (1976)."

*TZ Land & Cattle Co. v. Condict*, 795 P.2d 1204, 1211 (Wyo.1990) (quoting *Cline v. Sawyer*, 600 P.2d 725, 729 (Wyo.1979)).

■ Pursuant to W.R.C.P. 40.1(b)(2), Appellant was required to submit an affidavit stating "sufficient facts" to show the existence of bias or prejudice against him. The judge would then be obligated to recuse

1. Revised effective March 24, 1992.

himself if a reasonable person, assuming the facts in the affidavit were true, could infer that the judge had a bias or prejudice which would prevent him from dealing fairly with Appellant. *Zoline v. Telluride Lodge Association,* 732 P.2d 635, 639 (Colo. 1987). *See Hopkinson v. State,* 679 P.2d 1008 (Wyo.), *cert. denied,* 469 U.S. 873, 105 S.Ct. 228, 83 L.Ed.2d 157 (1984) (interpreting W.R.Cr.P. 23(d)). We do not think a reasonable person could infer from the affidavit that the judge was biased or prejudiced against Appellant.

■ Appellant's affidavit consisted entirely of hearsay. An affidavit in support of a motion to disqualify a judge is generally insufficient when it is supported merely by hearsay. *Banks v. State,* 265 Ind. 71, 351 N.E.2d 4, 14 (1976), *cert. denied,* 429 U.S. 1077, 97 S.Ct. 821, 50 L.Ed.2d 797 (1977); *Brown v. American Finance Co.,* 432 S.W.2d 564, 567–68 (Tex.Civ.App.1968). *See also Willner v. University of Kansas,* 848 F.2d 1023 (10th Cir.1988), *cert. denied,* 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989), and *United States v. Balistrieri,* 779 F.2d 1191 (7th Cir.1985), *cert. denied,* 475 U.S. 1095, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986). This case aptly demonstrates some of the inherent weaknesses of such an affidavit. We do not know the names of any of the alleged sources upon which Appellant relied or if they even exist; whether the sources were consistent in what they told Appellant; whether each source attributed the comment to the judge; whether each source personally heard the comment or acquired the information through some third party as idle gossip or rumor; and, finally, when and where the comment was made. Appellant's complete lack of corroborating information leads us to believe that the affidavit was insufficient and that the judge acted properly in not recusing himself. By finding the affidavit in this case was insufficient, we do not mean to imply that an affidavit in support of a motion to disqualify a judge can never rely upon hearsay. However, an affidavit which relies upon hearsay must have some indicia of reliability. If a naked allegation made on the basis of hearsay were sufficient, any party could

reject a judge at will. *Hodgson v. Liquor Salesmen's Union Local No. 2 of State of New York, Distillery, Rectifying, Wine & Allied Workers' International Union of America, AFL–CIO,* 444 F.2d 1344, 1349 (2d Cir.1971).

■ The next issue we must consider is whether sufficient evidence existed to support the hearing examiner's determination that Appellant failed to prove his injuries arose in the course of his employment. To resolve this issue:

> " 'We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency.' "

*Dougherty v. J.W. Williams, Inc.,* 820 P.2d 553, 555 (Wyo.1991) (quoting *Trout v. Wyoming Oil and Gas Conservation Commission,* 721 P.2d 1047, 1050 (Wyo. 1986) (citation omitted)).

*Baros v. State ex rel. Wyoming Workers' Compensation Division,* 834 P.2d 1143, 1145 (Wyo.1992).

■ Appellant had the burden of proving by a preponderance of the evidence that his injuries arose out of and during the course of his employment. *Hohnholt v. Basin Electric Power Co-op,* 784 P.2d 233 (Wyo. 1989).

We stated in *State ex rel. Wyoming Worker's Compensation Division v. Van Buskirk,* Wyo., 721 P.2d 570, 571 (1986), quoting from *Western Power Service & Construction v. Van Matre,* Wyo., 657 P.2d 815, 816 (1983), that:

> " 'Whether an injury arises out of and in the course of employment is a question for the trier of fact in a worker's compensation case. The burden is on the worker to prove that his injury arose in the course of employment. There must be some substantial com-

petent evidence to warrant the trier of fact drawing such an inference.' "

*Bagshaw v. Circle H Oilfield Service,* 753 P.2d 1044, 1045 (Wyo.1988).

Appellant claims that, on the morning of the accident, he was at home calculating the bid on a prospective job. His son-in-law, who was the corporation's only other employee at the time, telephoned Appellant requesting that Appellant bring some finishing trowels to the Mydland home so that he could complete the sheetrock work. According to Appellant, he loaded the tools into his truck and was driving toward the Mydland house when his truck was struck by the oncoming car.

The hearing examiner found several problems with Appellant's version of the accident. Appellant's son-in-law initially corroborated Appellant's description of the events, but, on his son-in-law's cross-examination, the following discussion took place:

Q. Sir, did you discuss your testimony here with [Appellant] at all?

A. No, sir.

Q. So you had no discussion with him regarding what happened that day?

A. No.

Q. Do you recall this morning I walked out of the meeting room this morning, and do you recall [Appellant] came over and sat next to you at that time?

A. Yes.

Q. And do you recall him saying words to you to the effect of, "Remember, I called you for you to come[,"] or, "You called me to bring you some tools"?

Do you remember that happening, and you said, "No, I just don't remember that[,"] and he said, "Well, just remember that[,"] and you said okay.

Do you remember words to that [effect], as I was walking by?

A. Yes.

Because the foregoing conversation cast considerable doubt upon the credibility of Appellant and his son-in-law, the hearing examiner looked to the testimony of the only disinterested witness, Elmer Mydland. Mr. Mydland testified that Appellant came to his house on the day of the accident. This testimony was inconsistent with Appellant's deposition testimony in which he claimed that he telephoned Mr. Mydland to tell him he would not be there that day. Other inconsistencies included a letter to the Workers' Compensation Division sent by Appellant approximately one month after he filed his claim, which stated that, at the time of his accident, Appellant's truck was loaded with tools and he was headed for "Larry Brown's house on Big Goose Road." At different times in his testimony, Appellant explained the letter's erroneous description of his destination as a mistake and a lapse in memory; however, the hearing examiner found such an innocuous explanation difficult to accept in light of the other inconsistencies.

The hearing examiner summarized the bulk of the evidence as being "contradictory, confusing, inconsistent and generally unreliable." In our view, the inconsistencies in testimony and lapses of memory made it virtually impossible for the hearing examiner to determine whether Appellant's activities on the morning of the accident arose in the course of his employment. Accordingly, we hold that Appellant failed to meet his burden of proving by a preponderance of the evidence that his injuries arose out of his employment.

Appellant's final claim is that he introduced clear and convincing evidence demonstrating that the Workers' Compensation Division was not prejudiced by his seven-month delay in filing a claim. *See* Wyo. Stat. § 27–14–502(c) (1991). Appellant's failure to prove that the Workers' Compensation Division was not prejudiced was an alternative ground supporting the hearing examiner's decision. We do not need to address the issue in light of our holding that sufficient evidence existed to support the hearing examiner's finding that Appellant failed to prove his injuries arose out of his employment.

Affirmed.