In the Matter of the WORKER'S COM-
PENSATION CLAIM OF Wayne A.
BLOOD, Appellant (Employee–Claim-
ant),

v.

GRACE DRILLING COMPANY,
Appellee (Employer–
Defendant).

No. 93–34.

Supreme Court of Wyoming.

Nov. 10, 1993.

Gregory A. Phillips of Phillips Law Of-
fices, Evanston, for appellant.

Patrick Dixon of Dixon and Despain,
Casper, for appellee.

Before MACY, C.J., and THOMAS,
CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Wayne A. Blood appeals from
the district court's order which affirmed
the hearing examiner's decision to deny
and dismiss the worker's compensation
claim for benefits filed by Blood because
Blood failed to prove that his injury arose
out of and in the course of his employment
and because he failed to show that Appel-
lee Grace Drilling Company was not preju-
diced by the untimely filing of his injury
report.

We affirm.

Blood states these issues:

I. Is Wayne Blood's undisputed injury
"work-related"?

II. Was Wayne Blood's report of injury
"timely filed"?

In response, Grace Drilling Company ar-
gues:

In addition to the issues raised by
Blood, Grace Drilling Company suggests
this third issue:

If Blood in fact injured himself while
putting on his sock, was there a
ca[us]al nexus between the injury and
the employment?

Blood worked as a driller on an oil and
gas rig operated by Grace Drilling Compa-
ny. The rig was located near Kemmerer in
western Lincoln County.

On July 13, 1991, Blood and a group of his friends and co-workers moved a refrigerator from the basement of Blood's house to a fellow worker's home. Blood did not experience any discomfort nor was he on the job while he was moving the refrigerator. Later that same day, he drove from his home to the drilling rig, a distance of about twenty-nine miles. Eighteen miles of that distance were paved road surface; the remaining eleven miles were dirt road with the last six miles of the dirt road being extremely rough. Blood did not experience any discomfort as he drove to work.

While Blood was in the "dog house" changing into his work clothes, he bent over and experienced severe pain in his lower back. At this juncture, Blood assumed that he had injured his back while he was delivering the refrigerator, and he stated this belief to several people, including his treating physicians. Blood was able to complete his work on July 13 and 14, 1991. However, by late in the day on July 14th, he was in so much pain that he was not able to drive his car or get into bed without being assisted.

On July 15, 1991, Blood consulted a physician who prescribed conservative treatment. After being hospitalized for three days and resting for about a week, Blood was able to return to work for most of the remainder of July and August 1991. Blood's back pain continued during this period. On August 30, 1991, Grace Drilling Company discharged him from his employment. On September 4, 1991, Blood's treating physician informed him that he would be unable to return to doing heavy work or to running heavy equipment anytime soon. On that same day, Blood filed an injury report asserting that he had injured his back while he was changing into his work clothes on July 13, 1991.

■ The controlling standard of review in this case is:

"'"We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency."' *Dougherty v. J.W. Williams, Inc.*, 820 P.2d 553, 555 (Wyo.1991) (quoting *Trout v. Wyoming Oil and Gas Conservation Commission*, 721 P.2d 1047, 1050 (Wyo.1986) (citation omitted))."

*Baros v. State ex rel. Wyoming Workers' Compensation Division*, 834 P.2d 1143, 1145 (Wyo.1992).

*Farman v. State ex rel. Wyoming Workers' Compensation Division*, 841 P.2d 99, 102 (Wyo.1992).

Blood relies upon our decision in *Dougherty v. J.W. Williams, Inc.*, 820 P.2d 553 (Wyo.1991). In that case, we grounded our decision to reverse the hearing examiner's determination upon the basis that the hearing examiner incorrectly applied the statute which required "competent medical authority" to establish that an injury which occurred over a substantial period of time arose out of and in the course of Dougherty's employment. 820 P.2d at 555–56. *See* WYO.STAT. § 27–14–603(a) (1991). That basis is not present in this case. The record in *Dougherty* contained no evidence which suggested that Dougherty was not a credible witness, nor did the other evidence presented contradict or undermine his testimony. The record in this case is replete with testimony wherein Blood admitted that he had exaggerated, contradicted, and, in some instances, perhaps prevaricated. The other testimony and evidence were as consistent with Blood's contradictions and exaggerations as they were with his claim that the injury occurred within the course and scope of his employment. In a circumstance such as this, where the hearing examiner's decision is significantly influenced by matters relating to the credibility of witnesses and where the facts supporting those credibility issues are clear from the record, we are compelled to apply the standard of review recited above. *Farman*, 841 P.2d at 102–03; *Hansen v. Mr. D's*

*Food Center,* 827 P.2d 371, 373–74 (Wyo. 1992).

 The hearing examiner was correct in determining that Blood was not acting within the course and scope of his employment at the time his injury occurred. We, therefore, affirm the district court's order of affirmance. Because of this disposition, we do not need to be concerned with whether Blood timely filed his claim for worker's compensation benefits.

Affirmed.